**UNITED STATES of America, Plaintiff,**

v.

**Jack L. ESHELMAN, Betty Lou Eshelman, Timothy J. Eshelman, Tammy L. Eshelman, Thomas S. Eshelman, and Dollar Dry Dock Savings Bank, Defendants.**

**Civ. A. No. 84-518-JLL.**

United States District Court,
D. Delaware.

April 7, 1987.

---

William C. Carpenter, Jr., U.S. Atty., Sue L. Robinson, Asst. U.S. Atty., Wilmington, Del., and Charles A. Baer, Trial Atty., Tax Div. of the U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Francis A. Monaco, Jr., of Walsh & Monzack, P.A., Wilmington, Del., for defendants Betty Lou Eshelman, Timothy J. Eshelman, and Tammy L. Westcott (formerly Tammy L. Eshelman).

Max S. Bell, Jr., of Richards, Layton & Finger, Wilmington, Del., for defendant Dollar Dry Dock Sav. Bank.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

On September 18, 1984, the United States of America initiated this civil action against Jack L. Eshelman, Betty Lou Eshelman, Timothy J. Eshelman, Tammy L. Eshelman, Thomas S. Eshelman, and Dollar Dry Dock Savings Bank seeking to reduce federal income tax assessments against Jack L. Eshelman and Betty Lou Eshelman to judgment, and to foreclose its tax lien against certain real property in White Clay Creek Hundred, New Castle County, Delaware, known as Lot No. 3, Block C on the Plan of Old Mill Manor which Plan is recorded in the New Castle County Recorder of Deeds Office in Wilmington, Delaware on Microfilm Record 762 ("the property in question"). (Docket Item ["D.I."] 27, 33, 34) Defendant Thomas S. Eshelman did not answer and the Clerk duly entered a default against him. (D.I. 37 & 38) While the defendant Jack L. Eshelman was served with a summons, pursuant to 10 *Del.C.* § 3104 and Fed.R.Civ.P. 4(e), upon the Secretary of State of Delaware on September 26, 1984 (D.I. 3), he did not file a formal answer but acknowledged the summons by making a hand written response thereto on December 20, 1984, to the U.S. Marshal. (D.I. 47)

On October 26, 1986, the United States moved for an order granting it summary judgment which would (a) reduce its federal income tax assessments to judgment, (b) declare that its lien attaches to all the property and rights to property of defendants Jack L. Eshelman and Betty Lou Eshelman, and (c) foreclose the tax lien on the property in question. (D.I. 39) The United States on October 30, 1986, filed a brief in support of its summary judgment motion. (D.I. 40) Appearing defendants were to file their answering briefs on or before December 15, 1986, but did not do so. (D.I. 42) On December 30, 1986, the Court ordered that the appearing defendants' answering briefs be filed on or before January 20, 1987 (D.I. 44), but again no briefs were filed. On March 13, 1987, in order to move this case forward, the Court entered an order requiring the appearing defendants to file their answering briefs on or before March 27, 1987, and that in the event no briefs were filed, the order provided that the plaintiff's summary judgment motion would be decided on the briefs and record before the Court on March 27, 1987. (D.I. 45) No answering briefs were filed by March 27, 1987. However, on April 6, 1987, the defendants Betty Lou Eshelman,

Tammy Eshelman (now Tammy Lee West-cott), and Timothy J. Eshelman filed a stipulation with the plaintiff in which they consented to the entry of summary judgment against them. (D.I. 46) The Government's motion for summary judgment against all the defendants is now ripe for decision.

## I. UNDISPUTED FACTS

The United States made an assessment for unpaid federal income taxes, interest, penalties and fees in the amount of $76,136.31 for the year 1973 against Jack L. Eshelman and Betty Lou Eshelman (the "taxpayers"), and gave first notice and demand of the original assessment to the taxpayer defendants on September 18, 1978. (D.I. 40, Ex. B) These assessments were made pursuant to a decision of the United States Tax Court entered on August 15, 1978. (*Id.*, Ex. C) On December 13, 1978, the United States duly filed and recorded a Notice of Federal Tax Lien with respect to the assessments with the Recorder of Deeds for New Castle County, Delaware. (*Id.*, Ex. D)

On December 12, 1975, defendants Jack L. Eshelman and Betty Lou Eshelman conveyed the property in question to Betty Lou Eshelman and that deed was duly recorded on January 26, 1976. (*Id.*, Ex. E) Thereafter on May 3, 1979, Betty Lou Eshelman conveyed the property in question to her three children, defendants Timothy J. Eshelman, Tammy L. Eshelman (now Tammy L. Westcott) and Thomas S. Eshelman, and that deed was recorded on May 8, 1979. (*Id.*, Ex. F) This deed was recorded after the Notice of Federal Tax Lien had been recorded. (*Id.*, Exs. D & E)

The defendant, Dollar Dry Dock Savings Bank (the "Bank"), is the holder of a mortgage lien on the property in question, dated March 31, 1965, and recorded in the New Castle County Recorder of Deeds Office in Mortgage Record X, Volume 60, Page 68 which mortgage was given by Jack L. Eshelman and Betty Lou Eshelman. (D.I. 20) The Bank's mortgage lien on the property in question is prior in right to the federal tax liens in issue.

On December 3, 1986, the plaintiff filed a supplement affidavit that shows that the total amount due of assessed taxes, assessed and accrued penalties and interest made against Jack L. and Betty Lou Eshelman to November 30, 1986, is $165,653.38 and that interest accrues thereafter at the rate of 9% per annum, compounded daily. (D.I. 43, Ex. G)

## II. DISCUSSION

Notice of the original tax assessment against Jack L. and Betty Lou Eshelman was given on September 18, 1978, pursuant to a decision of the United States Tax Court entered on August 15, 1978. A tax court decision is reviewable only by the court of appeals and may not be questioned in this Court. 26 U.S.C. §§ 7481 & 7482. Furthermore, an appeal to be timely must ordinarily be filed within 90 days of the tax court's decision, 26 U.S.C. § 7483. The Eshelmans apparently did not file any such appeal. In addition, certificates of assessments and payments have been issued against Jack L. and Betty Lou Eshelman. (D.I. 40, Ex. B; D.I. 43, Ex. G) Such determinations of a deficiency assessment are presumptively correct and the taxpayers have the burden of proving them to be incorrect. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Psaty v. United States*, 442 F.2d 1154, 1159–60 (3d Cir.1971). Because the defendants have not demonstrated that the assessments are incorrect, the United States is entitled to summary judgment that defendant taxpayers, Jack L. and Betty Lou Eshelman, owe the amount of federal income taxes assessed plus statutory additions.

26 U.S.C. § 6321 provides that where any person liable for a tax neglects or refuses to pay the tax, that amount, including interest costs and penalties which may accrue, shall be a lien in favor of the United States upon all property and rights to property belonging to that person. The lien arises at the time of assessment and continues until the liability is extinguished. 26 U.S.C. § 6322; *Glass City Bank v. United States*, 326 U.S. 265, 267–68, 66

S.Ct. 108, 110, 90 L.Ed. 56 (1945). Thus, the United States is entitled to judgment that its lien was a valid and subsisting lien against all property and rights to the property in question of the taxpayers as of the date of original assessment and against all property that the taxpayers acquired after that date. *Glass City Bank, supra.*

■ As noted above, the United States duly filed a Notice of Federal Tax Lien on December 13, 1978, in the New Castle County Recorder of Deeds Office. (D.I. 40, Ex. C) Under 26 U.S.C. §§ 6321 and 6323, the federal tax lien, duly filed and recorded, is entitled to priority over subsequent purchasers. Because the deed of Betty Lou Eshelman dated May 3, 1979 and recorded May 8, 1979, conveying the property in question to her three children, Timothy and Thomas Eshelman and Tammy Eshelman Westcott (D.I. 40, Ex. F) was after the filing and recording of the Notice of Federal Tax Lien, their rights and interests to the property in question are subject to the prior tax claims of the United States.

■ Under 26 U.S.C. § 7403, this Court may order the sale of the property in question and the distribution of the proceeds. The sole party with a claim superior to that of the United States is the defendant, Dollar Dry Dock Savings Bank, which has a lien on the property in question by virtue of a mortgage dated and duly recorded on March 31, 1965, long before the federal tax lien came into existence. However, the Dollar Dry Dock Savings Bank has consented to the sale of the property in question so long as its mortgage lien is given priority over the federal tax lien. (D.I. 20) Since the interest of the United States is superior to all other defendants, a foreclosure sale of the property in question is appropriate.

Now, reviewing the entire record, the Court finds that there are no other valid defenses raised by the defendants to the relief requested by the United States.

Timothy Eshelman and Tammy Eshelman Westcott earlier moved to dismiss the action as to them for lack of personal service and also claimed that they were not personally liable for any deficiency tax judgment. (D.I. 15 & 23) The United States in response to that motion represented that it did not seek a deficiency judgment against those defendants. (D.I. 29 at 6) The Court on April 11, 1985, after considering these contentions, denied the motion of Timothy and Tammy to dismiss. (D.I. 31)

■ Timothy and Betty Lou Eshelman and Tammy Eshelman Westcott also interposed, as an affirmative defense, a claim that the United States failed to marshal the assets or exhaust remedies against Jack L. Eshelman. (D.I. 27 & 28) However, there is no right of marshaling against the United States. *In re Ackerman,* 424 F.2d 1148, 1150 (9th Cir.1970); *United States v. Herman,* 310 F.3d 846, 848 (2d Cir.1962); *United States v. Cohen,* 271 F.Supp. 709, 718 (S.D.Fla.1967). Finally, Jack Eshelman's handwritten response to the summons, which details his marital problems, offers no legal defense to granting plaintiff's motion for summary judgment.

## III. CONCLUSION

Based on the undisputed facts and the applicable law, the Court will grant the summary judgment motion of the United States and thereby: (1) reduce the federal tax assessments against Jack L. Eshelman and Betty Lou Eshelman to judgment, (2) declare that the United States has a valid federal tax lien on the property in question and that said tax lien is entitled to priority over all other interests in that property including any claim of Tammy Eshelman Westcott, Timothy Eshelman and Thomas S. Eshelman, except for the mortgage lien of Dollar Dry Dock Savings Bank on said property, (3) declare that the United States is entitled to a foreclosure sale of the property in question, and (4) order a sale thereof.

An order in accordance with this memorandum opinion will be entered.