**UNITED STATES of America, Plaintiff,**

v.

**Julian DIXON, Defendant.**

**Civ. A. No. 86–H–22–N.**

United States District Court, M.D. Alabama, N.D.

July 1, 1987.

---

Steven M. Kwartin, Jane Juliano, Trial Attys., John C. Bell, U.S. Atty., D. Broward Segrest, Asst. U.S. Atty., Lance J. Wolf, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for plaintiff.

Arthur P. Tranakos, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

HOBBS, Chief Judge.

The United States of America brought this action to recover unpaid federal income taxes for the year 1975 in the amount of $200,997.02, including interest and penalties. On May 22, 1987, the Government filed a motion for summary judgment supported by a document entitled "Certificate of Assessments and Payments." The defendant, Julian Dixon, has also filed a motion for summary judgment which raises

two points: (1) that the Internal Revenue Service did not follow the assessment procedures established in 26 U.S.C. § 6203 and 26 C.F.R. 301.6203–1; and (2) that a Notice of Deficiency was not sent to him by certified or registered mail as required by 26 U.S.C. § 6212. Upon consideration of the motions filed herein and the documents and affidavits attached thereto, the Court has determined that the Government is entitled to summary judgment.

## I. *Assessment*

■ 26 U.S.C. § 6203 provides that "[t]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment."

26 C.F.R. § 301.6203–1 provides, in part, that "... [t]he assessment shall be made by an assessment officer signing the summary record of assessment. The summary record through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment ... The date of the assessment is the date the summary record is signed by an assessment officer ..." Both parties state in their briefs that this document is known as Form 23–C within the Internal Revenue Service.

The defendant correctly contends that the basis of tax liability is the assessment. For a tax liability to be duly collected, it must be first properly assessed. In order for a tax deficiency to be assessed against a taxpayer, an assessment officer must sign and date a Form 23–C. The defendant rests his argument entirely on the fact that the Government has not been able to produce a copy of or the original of Form 23–C, and has, supposedly, stipulated to its non-existence.

The Government argues that its failure to produce Form 23–C is not fatal to its case. First, the Government states that it stipulated only to the fact that it did not

have the original or a copy of Form 23–C in its possession. The Government originally stated that the IRS keeps Form 23–C in its files for only three years, after which it is routinely sent to the Federal Records Center to be stored for thirty years. The Government's attorney has since learned that this is the present procedure, but that in 1979 when the assessment was entered, the IRS kept these forms for six years, nine months, after which they were routinely destroyed. Accordingly, the defendant is correct that the Government does not have in its possession the Form 23–C.

The Government argues, however, that it does not need to produce a copy of Form 23–C in order to satisfy its burden of proof. The Government has attached a copy of a "Certificate of Assessments and Payments" which is signed by an IRS officer certifying that it is a true transcript of all the assessments, penalties, interest, and payments on record for the defendant. This document reflects that on April 15, 1976 the defendant filed a tax return claiming and paying $118,728.45 in taxes. This document also reflects that the defendant was audited and *assessed* a deficiency of $159,871.02 in unpaid taxes, $7,993.55 in negligence penalty, and $34,247.44 in interest on July 23, 1979.[1]

The Government argues that this document which records a "23C Date" of July 23, 1979 is sufficient evidence that Form 23–C was duly signed on that date. Other courts have accepted this document from the Government as proof that the assessment was entered in accordance with the statute and regulations. See *United States v. Miller*, 318 F.2d 637, 639 (7th Cir.1963) ("The district court properly considered the copy of the official certificate of assessments and payments submitted by the Government in ruling on the motion for summary judgment....that document shows that assessment entries were made ... in the manner prescribed by the statute and the applicable regulation."), quoted with approval in *Brafman v. United States*, 384 F.2d 863, 867 (5th Cir.1967).

---

1. This document also records a payment of $1,134.99 on March 25, 1981 and the imposition of $20 in fees and costs for a balance of $200,-997.02.

See also *In re O'Leary,* 72–1 U.S.T.C. ¶ 9287 (D.C.Wis.1972) (This court referred to the date reflected in the column headed "23C Date" and stated, "at the foot of the document the District Director has certified that all assessments relating to O'Leary's taxes are set forth therein. The transcript is evidence that a valid assessment was made as indicated."). And, in *United States v. Posner,* 405 F.Supp. 934, 937 (D.Md.1975), the court took judicial notice that "the term '23C Date' in the 'Certificate of Assessments and Payments' introduced in evidence refers to the dates on which the respective summary records of assessments were signed by an assessment officer."

■ Accordingly, this Court accepts the document "Certificate of Assessments and Payments" submitted by the Government as presumptive proof of a valid assessment. Given that the defendant has produced *no* evidence to counter this presumption, the Court is satisfied that the Government has established that the claimed tax liability was properly assessed against the defendant.

## II. *Notice of Deficiency*

26 U.S.C. § 6212(a) provides that "[i]f the Secretary determines that there is a deficiency in respect of any tax imposed ... he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." Subsection (b)(1) further provides that "... notice of a deficiency ... if mailed to the taxpayer at his last known address, shall be sufficient ..." The statute also provides that the notice of deficiency must be mailed before an assessment may be made. 26 U.S.C. § 6213(a).

■ The defendant argues that the Government must establish that the Notice of Deficiency was mailed. The defendant argues that the Government cannot prove that it mailed a Notice of Deficiency to him since it has not been able to produce records of the mailing, or a domestic return receipt or the envelope in which the Notice was mailed. The defendant has also filed an affidavit that he has never received a Notice of Deficiency.

The Government has submitted a copy of the Notice of Deficiency letter dated March 21, 1979 which is properly addressed to the defendant. The Government has also submitted an affidavit from Ada Bohannan explaining the absence of any other evidence. First, the IRS does not use a domestic return receipt when sending a Notice of Deficiency by certified mail. The use of a return receipt is not required by law or regulations. See *Eisenberg v. Commissioner,* 47 T.C.M. ¶ 40,696 (1983). Second, the records of mailings are maintained by the IRS for only five years and then destroyed. Since the Notice is dated March 21, 1979, such a form would have been routinely destroyed over three years ago.

■ Furthermore, defendant's affidavit that he did not receive the statutory notice is not evidence that it was not mailed.[2] The Notice was mailed to the defendant and his wife, who may have received it, or they may not have accepted delivery. Furthermore, actual receipt of the Notice is not necessary. *Wilson v. Commissioner,* 564 F.2d 1317 (9th Cir.1977).

In the absence of any direct evidence contradicting the Government's position, the presumption of official regularity controls. "The presumption of regularity supports the official acts of public officers and, in the absence of *clear evidence to the contrary,* courts presume that they have properly discharged their official duties." (Emphasis added) *United States v. Chemical Foundation, Inc.,* 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131 (1926) and *United States v. Ahrens,* 530 F.2d 781, 783 (8th Cir.1976).

As the defendant has failed to affirmatively establish that the Notice of Deficiency was not mailed, the Court is satisfied that the Government has shown that the

**2.** Although the Court cannot make credibility determinations on a motion for summary judgment and therefore must accept the defendant's affidavit as true, the Court does note that the Government's records reflect that the defendant made a single payment on the tax deficiency in 1981.

Notice was mailed in accordance with the statute and regulations.

### III. *Tax Deficiency*

 As tax assessments enjoy a presumption of correctness, the burden is on the taxpayer to overcome this presumption by persuading the finder of fact, by a preponderance of the evidence, that the assessment is incorrect. If no countervailing proof is introduced, "the trial court [is] ... justified, in fact required, to enter a summary judgment for the amount of the taxes proved to be due." *Lane v. United States,* 328 F.2d 602, 603 (5th Cir.1964).

 The defendant has failed to offer *any* evidence that the tax assessment is incorrect in the amount shown due. The defendant has limited his attack to questioning whether the tax assessment was made and whether he received proper notice. Even in his Answer, the defendant only denied, generally, that he owes the Government unpaid taxes. Despite this Court's warning that it would grant the Government's motion for summary judgment unless the defendant established a defense to this action, the defendant has failed to present any evidence challenging the correctness of the amount assessed.

The Supreme Court has recently clarified the proper allocation of the burden of proof on a motion for summary judgment. In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), the Court construed the plain language of Fed. R.Civ.P. 56(c) as mandating the entry of summary judgment, upon a properly supported motion, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Since the taxpayer bears the burden of overcoming the presumption that the tax assessment is correct and since the defendant here has offered no evidence contradicting the correctness of the tax assessment, this Court must conclude that there is no genuine issue of fact regarding the sum due to the Government. Therefore, the Government's motion for summary judgment is due to be granted and the defendant's motion for summary judgment is due to be denied. A separate judgment will be entered in accordance with this opinion.

### JUDGMENT

In accordance with the attached memorandum opinion, it is ORDERED, ADJUDGED and DECREED that:

1. Defendant's motion for summary judgment is hereby DENIED;

2. Plaintiff's motion for summary judgment is hereby GRANTED, and judgment is entered in favor of the plaintiff and against the defendant in the amount of $200,997.02 plus interest and statutory additions as provided by law.