UNITED STATES of America, Plaintiff,

v.

David A. NUTTALL, Defendant.

Civ. A. No. 87–541–JLL.

United States District Court, D. Delaware.

May 1, 1989.

William C. Carpenter, Jr., U.S. Atty., and Kent A. Jordan, Asst. U.S. Atty., Wilmington, Del., and William S. Rose, Jr., Asst. Atty. Gen., Edward J. Snyder and Delores M. Dillmann, Attys., Tax Div., Dept. of Justice, Washington, D.C., of counsel, for plaintiff.

Thomas Stephen Neuberger, Wilmington, Del., and Peter Goldberger, Philadelphia, Pa., of counsel, for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

This marks the second occasion on which the Court is called upon to render an opinion on issues in this seemingly simple action to reduce federal tax assessments to judgment. Presently before the Court are plaintiff's motions: (1) for summary judgment (Docket Item ["D.I."] 25), and (2) for costs in obtaining personal service upon defendant (D.I. 24). Certain details of the Court's previous Opinion, which is reported as *United States v. Nuttall*, 122 F.R.D. 163 (D.Del.1988), are recounted below in order to provide a clear perspective of the instant motions.

## I. BACKGROUND

On October 9, 1987, the United States ("plaintiff" or "Government") filed the Complaint in this action and embarked upon the tortuous task of serving process on defendant David A. Nuttall. (D.I. 1.) The Government twice mailed copies of the Summons and Complaint to defendant, but defendant failed to complete service by returning the acknowledgment form which had been enclosed pursuant to Rule 4(c)(2)(C)(ii), Fed.R.Civ.P. 122 F.R.D. at 164–65. With the first method of service unavailing, the Government then sought to effect service upon defendant by personal delivery, as authorized by Rules 4(c)(2)(C)(ii) and 4(d)(1), Fed.R.Civ.P. 122 F.R.D. at 165. Eighteen attempts by plaintiff's agents to serve defendant personally at his residence were unsuccessful. 122 F.R.D. at 165, 167. Deputy United States Marshals twice spoke to defendant by telephone concerning the lawsuit, once reading the Complaint aloud to defendant. 122 F.R.D. at 165, 167. Additionally, a letter to the Deputy United States Marshal from defendant made reference to the action, and even identified it by its docket number. 122 F.R.D. at 165, 167.

Only after the foregoing sequence of events—which unquestionably indicated defendant's actual knowledge of the lawsuit—did plaintiff file a Return of Service. 122 F.R.D. at 165, 167. Defendant failed to respond, and so the Government applied

for and was granted entry of default judgment against defendant. 122 F.R.D. at 165, 167.

At that juncture, defendant moved to set aside the default judgment on the ground that service of process was defective. The Court granted defendant's motion to set aside the default judgment, following Third Circuit precedent which holds that actual notice of a lawsuit is no substitute for proper service of process. 122 F.R.D. at 165–66 & n. 5 (citing *Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877, 881–83 (3d Cir.1987); *Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 56–57 (3d Cir.1986)).

Concurrent with his motion to set aside the default judgment, defendant also moved to dismiss the Complaint for failure to complete service of process within the prescribed 120–day period, as once extended by order of this Court.[1] 122 F.R.D. at 166–67. The Government opposed defendant's motion to dismiss, and countered by filing a motion of its own for a retroactive enlargement of time in which to serve the defendant. 122 F.R.D. at 167–68.

The Court found "good cause" under Rule 4(j), Fed.R.Civ.P., for the Government's failure to timely serve defendant, and accordingly denied defendant's motion to dismiss.[2] 122 F.R.D. at 167. Consistent with the Court's finding of "good cause" was a parallel finding that the Government's failure to effect timely service upon defendant resulted from "excusable neglect." 122 F.R.D. at 168. Consequently, the Government's motion for an enlargement of time in which to serve defendant was granted pursuant to Rule 6(b), Fed.R. Civ.P. *Id.* The Government was given until December 27, 1988, to serve defendant Nuttall. *Id.*

Also before the Court at the time of the prior Opinion was a motion by the Government for an award of its costs in obtaining personal service upon defendant. *See* Rule 4(c)(2)(D), Fed.R.Civ.P. As of that time, defendant was yet to be properly served by plaintiff. 122 F.R.D. at 169. Accordingly, the Government's motion for costs was denied as premature. *Id.* However the Government was granted leave to renew its motion for costs if and when service of process was ultimately accomplished. *Id.*

Service of process was finally effected by personal delivery of the Summons and Complaint to defendant at his residence on December 5, 1988. (D.I. 22.) Such date fell within the period allowed by the Court when it granted plaintiff's motion for an enlargement of time to serve defendant. *See* 122 F.R.D. at 168.

Subsequent to service of the Summons and Complaint, defendant filed his Answer in this action on December 21, 1988. (D.I. 23.) Defendant's Answer posited four defenses (*id.* at ¶¶ 1–5), three of which the Court had already rejected in its previous Opinion.

Presently before the Court are two motions filed by the Government.[3] The Government has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P. (D.I. 25.) Defendant does not challenge the summary judgment motion, although he seeks to preserve for appeal his objections to the Court's disposition of certain issues in its previous Opinion. (D.I. 27 at 1–2.) The Government has also renewed its motion for an award of costs in obtaining personal service upon defendant, pursuant to Rule 4(c)(2)(D), Fed.R.Civ.P. (D.I. 24.)

For the reasons set forth below, the Court will grant both of the Government's motions.

---

1. The Court's initial extension, which was until May 4, 1988 (*see* D.I. 3), had already lapsed by the time of defendant's motion to dismiss.

2. "[P]laintiff's efforts to serve defendant Nuttall have not merely been diligent, but border on heroic." 122 F.R.D. at 167. "[P]laintiff's efforts to serve Nuttall, though unsuccessful to date, were eminently reasonable and diligent." *Id.*

3. Neither party requested oral argument on these motions, and the Court finds that the written submissions of the parties adequately address the questions presented. Therefore no oral argument was scheduled. *See* D.Del.R. 3.1 F.

## II. MOTION FOR SUMMARY JUDGMENT

The instant action to reduce federal tax assessments to judgment involves defendant's liabilities for tax years 1980, 1981, 1982, 1983 and 1985. (D.I. 1 at ¶ 1.) The Government's Complaint lists the dates and the unpaid balances of the alleged assessments against defendant Nuttall. (D.I. 1 at ¶ 6.) In conjunction with its motion for summary judgment, the Government has submitted into evidence Form 4340: a Certificate of Assessments and Payments. (D.I. 25, Ex. 1.) The Form 4340, which is generated under seal by the Internal Revenue Service (IRS), identifies the various assessments against defendant as well as any credits thereon[4] for the relevant tax years. (*Id.*)

■ A presumption of correctness attaches to assessments as detailed in the Form 4340. *See, e.g., Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Sinder v. United States,* 655 F.2d 729, 731 (6th Cir.1981); *Psaty v. United States,* 442 F.2d 1154, 1159–60 (3d Cir. 1971); *United States v. Dixon,* 672 F.Supp. 503, 505–06 (M.D.Ala.1987); *United States v. Eshelman,* 663 F.Supp. 285, 287 (D.Del. 1987). Thus the Government established its *prima facie* case by offering into evidence the certification of the IRS assessments. *Psaty v. United States,* 442 F.2d at 1159–60; *Sadowski v. United States,* 687 F.Supp. 966, 972 (E.D.Pa.1988). If this case were to go to trial, the burden of persuasion would lie with defendant. That is, Nuttall would have to prove that the Government's assessments are wrong. *Welch v. Helvering,* 290 U.S. at 115; *Higginbotham v. United States,* 556 F.2d 1173, 1175 (4th Cir.1977); *Psaty v. United States,* 442 F.2d at 1160; *United States v. Eshelman,* 663 F.Supp. at 287.

■ The case is presently before the Court on a summary judgment motion, rather than for a full trial. In this context, the burden upon defendant—the nonmoving party—is somewhat less onerous than it would be at trial. Defendant need only demonstrate the existence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); Rule 56(c), Fed.R.Civ.P. However defendant cannot simply rest upon allegations or denials contained in the pleadings. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Rule 56(e), Fed.R.Civ.P.

"[A] motion for summary judgment must be granted unless the party opposing the motion can adduce evidence which, when considered in light of that party's burden of proof at trial,[5] could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring) (footnote added). Since the Government has already made out its *prima facie* case by placing in evidence a certified copy of the IRS assessments, defendant can avoid summary judgment only if he designates specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. at 324, 106 S.Ct. at 2553; Rule 56(e), Fed.R.Civ.P.

Here defendant Nuttall has made no such showing of any genuine issue of material fact. Defendant's Answer does not challenge the averments contained in paragraph 6 of the Complaint, which set forth the dates and amounts of the tax assessments made against him. (*See* D.I. 23 at ¶ 9 ["Paragraph 6 of the Complaint is admitted to the extent of defendant's knowledge and belief"].) Defendant has sub-

---

**4.** The Certificate of Assessments and Payments reveals that defendant has made several partial payments on his assessed tax liability. For example, Nuttall paid $383 with his 1981 tax return, which was filed on April 16, 1982. Other payments of $585 and $2,740 were made along with returns filed by defendant on April 15, 1984, and April 15, 1986, respectively. (D.I. 25, Ex. 1.) Defendant's willingness to make some tax payments casts doubt upon the sincerity of

his purported "conscientious objector" beliefs. *See United States v. Nuttall,* 122 F.R.D. at 164; D.I. 4, Ex. B. Perhaps a more accurate description of his status would therefore be that of a *"partial* conscientious objector."

**5.** As noted *supra,* at trial defendant would have the burden of proving the inaccuracy of the Government's assessments.

mitted no affidavits, depositions or other documents in opposition to the summary judgment motion. Indeed defendant has stated that he "does not oppose the entry of summary judgment on the government's motion at this time." (D.I. 27 at 1–2.) This is reason enough to grant summary judgment under Rule 56(c), (e). *United States v. Dixon*, 672 F.Supp. at 507. Moreover, even if defendant had not acquiesced to plaintiff's summary judgment motion but had instead continued to assert all of the defenses raised in his Answer to the Complaint, the Court would remain compelled to grant summary judgment.

### A. *First Defense: Subject Matter Jurisdiction*

■ The first of four defenses raised in defendant's Answer challenges subject matter jurisdiction by questioning whether the Government's lawsuit has been properly authorized. (*See* D.I. 23 at ¶¶ 1–2.)

Paragraph 2 of the Complaint avers as follows:

> This civil action, which arises under the internal revenue laws of the United States is commenced at the request of and with the authorization of the Chief Counsel of the Internal Revenue Service and at the direction of the Attorney General of the United States, pursuant to Section[ ] 7401 [6] ... of the Internal Revenue Code....

(D.I. 1 at ¶ 2 [footnote added].) In his Answer, defendant questions whether plaintiff obtained the requisite authorizations from the Secretary of the Treasury/Internal Revenue Service and from the Attorney General, and "insists upon proof of such authorization and direction." (D.I. 23 at ¶ 1.) In conjunction with its

motion for summary judgment (D.I. 25), the Government submitted such proof of its authority to bring this action.

Attached to plaintiff's summary judgment motion is the affidavit of Edward J. Snyder, who is the Chief of the Civil Trial Section, Central Region, of the Tax Division, United States Department of Justice. (Snyder Aff. at ¶ 1.) Mr. Snyder declares that he was authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, to institute the instant action in this Court. (Snyder Aff. at ¶ 2.) This evidence establishes the first type of required authorization—that of the Secretary of Treasury/Internal Revenue Service.

Also attached to the Government's summary judgment motion is Department of Justice Tax Division Memorandum No. 83–19, dated May 5, 1983. (D.I. 25, Ex. 2.) That document indicates that Chiefs of the Civil Trial Sections, such as Mr. Snyder, are authorized by the Attorney General to approve and direct the institution of civil actions and proceedings, such as the instant action, against taxpayers. *Id.* "The Chiefs of the Civil Trial Sections ... may, within their respective areas of responsibility, approve and direct the institution of civil actions and proceedings, ... provided that authority therefor has been received from the Internal Revenue Service...." [7] (*Id.*) As noted above, Mr. Snyder secured the requisite authorization from the Internal Revenue Service. (Snyder Aff. at ¶ 2.) Moreover, Mr. Snyder has declared that he did, in fact, direct that the instant lawsuit be filed against defendant Nuttall. (Snyder Aff. at ¶ 3.)

---

**6.** Section 7401 is explained by Treasury Regulation § 301.7401–1(a), which provides that:

No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Commissioner ..., or the Chief Counsel for the Internal Revenue Service or his delegate authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

Hence § 7401 requires authorization from two sources: (1) the Secretary of the Treasury/In-

ternal Revenue Service, and (2) the Attorney General. *See United States v. One 1972 Cadillac Coupe DeVille*, 355 F.Supp. 513, 514 (E.D.Ky. 1973).

**7.** Tax Division Memorandum No. 83–19 was in effect at the time this action was commenced on October 9, 1987. It has since been superseded by Tax Division Directive No. 69, dated August 31, 1988. (D.I. 25, Ex. 3.) The latter document contains language identical to that quoted above in the text.

Hence the Government has produced evidence tending to prove that this lawsuit has been properly authorized by both the Secretary of the Treasury/Internal Revenue Service and by the Attorney General, as required by 26 U.S.C. § 7401. In the face of the above evidence, defendant appears to have abandoned his defense that the lawsuit lacks proper authorization. He has sought neither to impeach the Government's evidence on this issue, nor to introduce contrary evidence of his own. Accordingly, defendant's first defense is no defense.

### B. *Second and Third Defenses: Personal Jurisdiction and Service of Process*

In paragraphs 3 and 4 of his Answer, defendant raises two related defenses. He maintains that the "Court lacks personal jurisdiction over the defendant because of the plaintiff's failure to make service of process within the time permitted by Fed. R.Civ.P. 4(j)." (D.I. 23 at ¶ 3 [Second Defense].) Similarly, defendant contends that "[s]ervice of process ... was insufficient because it was untimely." (D.I. 23 at ¶ 4 [Third Defense].)

There is no question that service of process was not accomplished within 120 days after the Complaint was filed, as Rule 4(j) provides generally. However in its Opinion and Order dated September 27, 1988, the Court granted the Government an enlargement of time in which to serve defendant, until December 27, 1988. (D.I. 18; D.I. 19.) It is undisputed that defendant was served within the period of time as thus extended. (*See* D.I. 22 [service effected on December 5, 1988].) Thus the essence of defendant's second and third defenses is that the Government's request for an enlargement of time to complete service should have been denied. The Court has already addressed this question, *see* 122 F.R.D. at

167–68, and shall not entertain it anew. Nuttall's second and third defenses are no barrier to the Government's motion for summary judgment.

### C. *Fourth Defense: Statute of Limitations*

■ In his Answer, defendant raises the statute of limitations as his fourth and final defense. Defendant asserts that the action is time-barred to the extent that the Government seeks to recover assessments relating to tax years 1980 and 1981. (D.I. 23 at ¶ 5.)

An action to collect taxes must be commenced within 6 years after assessment of the tax. 26 U.S.C. § 6502(a). In this case, the earliest date on which defendant Nuttall was assessed any of the tax liabilities at issue was October 12, 1981. (*See* D.I. 1 at ¶ 6; D.I. 26 at 9.)[8] The action commenced upon the filing of the Complaint (D.I. 1) on October 9, 1987. *See* Rule 3, Fed.R.Civ.P. The action was thus brought within 6 years of even the earliest assessment date, and defendant's statute of limitations defense therefore must fail.

Defendant appears to be rearguing his position that the Complaint should have been dismissed because of the Government's inability to serve process upon him within 120 days after filing the Complaint.[9] (*See* D.I. 23 at ¶ 5.) The Court has previously examined and rejected this argument, finding instead "good cause" for the Government's original failure to complete service. 122 F.R.D. at 166–67. Accordingly defendant's statute of limitations defense, like his other three defenses, will not prevent entry of summary judgment in favor of the Government.

### III. MOTION FOR COSTS

■ The second motion presently before the Court is the Government's motion for costs in obtaining personal service on de-

---

**8.** The various assessment dates are also disclosed on Form 4340, the Certificate of Assessments and Payments (D.I. 25, Ex. 1), under the heading "23C Date." This serves as presumptive proof that a valid assessment was made on the date indicated. *United States v. Dixon,* 672 F.Supp. 503, 505–06 (M.D.Ala.1987).

**9.** If the action had been dismissed and the Government forced to refile its Complaint, then the statute of limitations would have expired as to tax years 1980 and 1981.

fendant. (D.I. 24.) The Government twice mailed copies of the Summons and Complaint to defendant, but defendant did not return the enclosed acknowledgment form pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). 122 F.R.D. at 164–65. Only then did plaintiff resort to service by personal delivery. After 18 unsuccessful attempts to serve defendant personally, *see* 122 F.R.D. at 165, 167, service of process was finally accomplished on December 5, 1988. (D.I. 22.)

Plaintiff's motion for costs is premised upon Rule 4(c)(2)(D), Fed.R.Civ.P.

*Unless good cause is shown* for not doing so the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgment of receipt of summons.

*Id.* (emphasis added).

Defendant does not deny that he received copies of the Summons and Complaint by mail, that acknowledgment forms were enclosed, and that he failed to complete and return an acknowledgment form as contemplated by Rule 4(c)(2)(C)(ii). The Court holds that defendant has failed to show good cause to avoid imposition of costs under Rule 4(c)(2)(D).

The costs for which the Government seeks an award are comprised of two items. First, the Government requests reimbursement for a $25 fee paid to a private process server which made 12 unsuccessful attempts to serve defendant personally. (*See* D.I. 5, Ex. A; D.I. 12 at 3; Dillmann Aff. [attached to D.I. 24]; D.I. 24, Ex. A.) Second, the Government moves to recover $71.76, representing wages paid to an Internal Revenue Service employee for time devoted to the task of finally serving defendant. (*See* Redfern Aff. [attached to D.I. 24].) The two items of costs total $96.76. Defendant objects to both items.

Defendant's objection to the private process server's fee takes the following form: The "private process server claims twelve separate attempts at service for a total fee of $25. The credibility of this claim is highly suspect; one has to wonder how much effort went into each $2.08 attempt." (D.I. 27 at 2.)

This argument by defendant not only misses the mark; it is not even aimed in the right direction. The fact that the process server's fee is less than exorbitant hardly shows good cause for defendant's failure to return the mail acknowledgment form, or why the needless cost of personal service should not be borne by defendant. Perhaps Nuttall would be more contented if, rather than striving to efficiently collect taxes by hiring inexpensive process servers, the Government had instead retained a pricier process server to accomplish precisely the same task.

Furthermore, the Court notes that the Government has not sought an award for the time expended in January, 1988, by officers of the United States Marshal's Office and the Internal Revenue Service, in six unsuccessful attempts to serve defendant personally. *See* 122 F.R.D. at 167; D.I. 12 at 3; Dillmann Declaration at ¶¶ 4–5 [attached to D.I. 3]. If defendant objects because the costs of personal service are too low, the Court stands willing to entertain an additional motion by the Government for these other costs.

The second item of costs for which plaintiff seeks recovery are the wages paid to Officer Redfern of the Internal Revenue Service for the time spent by Redfern in obtaining actual service of process on defendant. (*See* D.I. 24 and attachments.) Defendant argues that "[s]uch costs ... are not reimbursable as such under the Internal Revenue Code; the accumulated penalties cover these costs." (D.I. 27 at 2.)

Defendant cites no authority for the foregoing proposition. In any event, the Government's request for costs is grounded not upon the Internal Revenue Code, as defendant suggests, but rather upon the Federal Rules of Civil Procedure. The penalties to which defendant refers are imposed under the Internal Revenue Code for, *inter alia,* failure to pay the amount of tax liability shown in the tax return on or before the date prescribed for payment. 26 U.S.C. § 6651(a)(2). Such penalties inure irrespective of whether litigation oc-

curs. In contrast, the costs now sought by plaintiff under the Federal Rules are awardable only in the litigation context, when wasteful resort to service by personal delivery is necessary. Thus the penalties awardable under the Internal Revenue Code, and the costs of service awardable under the Federal Rules of Civil Procedure, are independent remedies. Nothing bars the Government from recovering both.

Defendant also challenges the award for Officer Redfern's wages in the following manner: "Officer Redfern's affidavit [does not] offer any justification for her doing nothing but sit for five hours while waiting for Mr. Nuttall to leave his residence. Surely, she could have been reviewing a file, writing a report, or something else productive during some part of that time...." (D.I. 27 at 2.) The Court must emphasize, however, that it was Nuttall who refused to return the form acknowledging service. He is to blame for Officer Redfern being forced to play the role of sleuth and to stake out defendant's residence. He cannot now complain that Redfern performed that task too assiduously.

## IV. CONCLUSION

For the reasons stated in Part II. of this Opinion, the Court finds no genuine issues of material fact and will therefore grant the Government's motion for summary judgment. The Court will enter judgment against defendant Nuttall for assessments in the amount of $7,618.04. In addition, for the reasons outlined in Part III. of this Opinion, the Court will award the Government its costs of $96.76 in obtaining personal service on defendant.

### JUDGMENT

For the reasons set forth in the Court's Memorandum Opinion entered in this case on this date, it is hereby

ORDERED, ADJUDGED, DECLARED AND DECREED that:

1. Judgment is entered in favor of plaintiff, the United States of America, against defendant, David A. Nuttall, in the amount of $7,618.04 in unpaid assessed balances for tax years 1980, 1981, 1982, 1983, and 1985, together with costs, interest, and any statutory additions which are authorized by law.

2. In addition, judgment is entered in favor of plaintiff against defendant in the amount of $96.76, representing plaintiff's costs in obtaining service of process upon defendant by personal delivery, pursuant to Rule 4(c)(2)(D), Fed.R.Civ.P.