**In re Lewis M. SMALLWOOD, Sylvia J. Smallwood, Debtors.**

No. 01–70143.

United States Bankruptcy Court, W.D. Arkansas, Fort Smith Division.

Jan. 3, 2002.

Kenneth W. Cowan, Fort Smith, Arkansas, for debtors.

Andrew T. Pribe, for U.S.

John T. Lee, trustee.

## ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court is the United States's motion for summary judgment filed on October 1, 2001, regarding the debtors' objection to the claim of the Department of Treasury/Internal Revenue Service [IRS]. The debtors responded to the United States's motion for summary judgment on October 29, 2001. For the reasons stated below, the Court grants the United States's motion and overrules the debtors' objection to the claim of the IRS.

## PROCEDURAL HISTORY

 The debtors filed their chapter 7 bankruptcy petition on February 8, 2001. On May 30, 2001, the debtors filed a general unsecured proof of claim on behalf of the IRS in the amount of $198,723.67 plus interest for the "Trust Fund portion of withholding taxes for Border City Foods." [1] On June 11, 2001, the trustee, John Terry Lee, filed his objection to that claim on the grounds that (1) there was no showing that an assessment of individual liability had been made by the IRS and (2) the debt appeared settled through accord and satisfaction because the debtors tendered an offer in compromise and the IRS deposited the debtors' check. On June 18, 2001, the debtors filed an amended Proof of Claim on behalf of the IRS. The amended claim stated that the IRS's claim was an unsecured priority claim, not a general unsecured claim. On June 26, 2001, the trustee filed his objection to the amended claim for the same reasons stated in his earlier objection.

On June 29, 2001, the Department of Treasury/Internal Revenue Service filed its own proof of claim in the amount of $207,699.46, also providing that the claim was an unsecured priority claim. On September 13, 2001, the debtors objected to the IRS's claim for the same reasons the trustee had objected to the earlier claims filed by the debtors on behalf of the IRS. On October 12, 2001, the trustee withdrew his objections to the IRS's claims as moot.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The following findings constitute findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[2] The burden is on the movant to establish the absence of a material fact and identify portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party, who must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. 2548 (quoting Fed. R.Civ.P. 56(e)). In ruling on a summary judgment motion, the court views the facts in the light most favorable to the non-moving party and allows that party the benefit of all reasonable inferences to be drawn from the evidence. *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647, 649–50 (8th Cir.1996).

---

**1.** Under Fed R. Bankr.P. 3004, if a creditor fails to file a proof of claim, the debtor may do so in the name of the creditor. If the creditor later files a proof of claim, its proof of claim supercedes the proof of claim filed by the debtor on behalf of the creditor.

**2.** Fed R. Civ. P. 56 is made applicable in contested matters pursuant to Fed. R. Bankr.P. 9014, which states, in part, that Fed. R. Bankr.P. 7056 applies in contested matters. Fed. R. Bankr.P. 7056 states that Fed. R.Civ.P. 56 applies in adversary proceedings, and then sets forth Fed.R.Civ.P. 56.

The IRS has a dual burden of establishing the nonexistence of a genuine issue of material fact. The initial burden is the burden of production, which shifts to the debtors if satisfied by the IRS. The second, and ultimate, burden is the burden of persuasion, which remains with the IRS. *Celotex Corp.,* 477 U.S. at 330, 106 S.Ct. 2548 (J. Brennan, dissenting)(citing 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2727, p. 121 (2d ed.1983)). The initial burden may be discharged by the IRS showing there is an absence of evidence to support the debtors' case. *Id.* at 325, 106 S.Ct. 2548. Before shifting that burden, however, the Court needs to determine if the IRS has met its burden of persuasion as to the issues presented.

## ISSUES PRESENTED

To determine whether the IRS is entitled to summary judgment regarding the debtors' objection to the claim of the IRS, the Court must decide two issues: (1) whether the debtor, Lewis Smallwood, was properly assessed a trust fund recovery penalty pursuant to 26 U.S.C. § 6672, and (2) whether the debtors' tender of $86,470.00 to the IRS discharged any liability in accord and satisfaction.

## POSITIONS OF THE PARTIES

In its "United States of America's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment," the IRS submitted a statement of alleged undisputed material facts. Each of the alleged facts were supported by either an attached Exhibit A (Certificate of Assessments, Payments, and Other Specified Matters), attached Exhibit B (Declaration of Conrad Jacobsen, Revenue Officer with the IRS), or a pleading in the Court file. The alleged material facts are as follows:

1. On August 7, 2000, Lewis Smallwood was assessed $198,723.67 by the Internal Revenue Service pursuant to Section 6672 to the Internal Revenue Code. This assessment is referred to herein as "trust fund recovery penalty."

2. On January 8, 2001, Debtors submitted an offer in compromise to the Internal Revenue Service's Taxpayer Advocate Service seeking to compromise the trust fund recovery penalty.

3. On or about January 24, 2001, Debtors delivered to the Taxpayer Advocate Service of the Internal Revenue Service the sum of $86,470 by cashier's check.

4. This check was accompanied by a letter from their attorney, Bruce H. Bethell, which stated:

"I recently submitted Form 656 on behalf of the captioned Taxpayer. With this letter I submitt [sic] a deposit in the amount of $86,470.00, representing the full amount of the Offer previously tendered.

"The enclosed check is tendered on the condition that the Offer in Compromise is accepted. If the Offer is rejected, the enclosed check must be returned to my attention.

"Please contact me if you have further questions regarding the enclosed."

5. The Internal Revenue Service deposited this check.

6. On February 8, 2001, Debtors filed their petition in bankruptcy initiating these bankruptcy proceedings.

7. On March 22, 2001, the Trustee, John T. Lee, sent a letter to the Internal Revenue Service demanding the $86,470 payment made by Debtors to the Internal Revenue Service be turned over to him as part of the bankruptcy estate.

8. On or about May 2001, the Internal Revenue Service sent to the Trustee the $86,470 payment in accord with his demand.

9. The offer in compromise submitted by the Debtors in January, 2001, has never been accepted in writing by an authorized official of the United States.

In their "Debtors' Response to United States of America's Motion For Summary Judgment" and "Debtors' Statement of Disputed Material Facts in Response to United States of America's Motion For Summary Judgment," the debtors dispute that on August 7, 2000, Lewis Smallwood was assessed $198,723.67 by the IRS because the United States failed to provide sufficient proof that a notice of balance due (the assessment) was in fact issued to the debtors. The debtors also dispute that a 60 day preliminary notice was mailed or delivered to the debtors in accordance with 26 U.S.C. § 6672.[3] The debtors did not submit an affidavit or any documents supporting their position, and stated in their response that "they do not dispute any of the matters stated in Mr. Jacobson's [sic] Declaration (i.e. affidavit)." The debtors did not dispute paragraphs two through nine, as set forth above. Finally, in their "Brief in Support of Debtors' Response to United States of America's Motion For Summary Judgment," the debtors raise the defense of accord and satisfaction as to

their tender of $86,470.00 to the IRS. Neither side disputes that the debtor is a person required to collect, account for, and pay over any tax imposed by the Internal Revenue Code, and who willfully failed to do so.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### IRS's Burdens of Production and Persuasion—Trust Fund Recovery Penalty

 The first issue before the Court is whether the debtor, Lewis Smallwood, was properly assessed a trust fund recovery penalty pursuant to 26 U.S.C. § 6672. The debtors dispute that the debtors were properly assessed because the IRS failed to provide proof that a notice of balance due (the assessment) was issued to the debtors. However, the IRS attached to its statement of material facts in support of its motion for summary judgment a Certificate of Assessments, Payments, and Other Specified Matters showing that the trust fund recovery penalty was assessed against the debtor Lewis Smallwood on August 7, 2000. This document shows the taxpayer's name and social security number, the type and amount of tax, and the date of assessment. It was attached to a Form 2866, Certificate of Official Record, attesting to the authenticity of the Certificate of Assessments, Payments, and Other Specified Matters. Form 2866 was under seal and bore the signature of the Field

---

3. 26 U.S.C. § 6672 states, in relevant part:

(a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

(b) Preliminary notice requirement.—

(1) In general.—No penalty shall be imposed under subsection (a) unless the Secretary notifies the taxpayer in writing by mail to an address as determined under section 6212(b) or in person that the taxpayer shall be subject to an assessment of such penalty.

(2) Timing of notice.—The mailing of the notice described in paragraph (1) (or, in the case of such a notice delivered in person, such delivery) shall precede any notice and demand of any penalty under subsection (a) by at least 60 days.

Director of the Submission Processing Unit (Austin). According to Federal Rule of Evidence 902(1), a document bearing a seal purporting to be that of the United States, and a signature purporting to be an attestation, requires no extrinsic evidence of authenticity as a condition precedent to admission. Fed.R.Evid. 902(1); *see also United States v. Darveaux*, 830 F.2d 124, 126 (8th Cir.1987). Further, the Certificate of Assessments, Payments, and Other Specified Matters is presumptive proof of a valid assessment. *United States v. Chila*, 871 F.2d 1015, 1017–18 (11th Cir.1989)(quoting *United States v. Dixon*, 672 F.Supp. 503 (M.D.Ala.1987)); *see also Hefti v. Internal Revenue Service*, 8 F.3d 1169, 1172 (7th Cir.1993). The Court finds that the United States has established that the claimed tax liability was properly assessed against the debtors and has met its burden of production and persuasion in this regard.

 The debtors also dispute that a 60 day preliminary notice was mailed or delivered to the debtors in accordance with 26 U.S.C. § 6672(b). The debtors argue that absent the 60 day preliminary notice, no trust fund recovery penalty can be imposed under 26 U.S.C. § 6672(a). Section 6672(b) states that no penalty shall be imposed under § 6672(a) unless the taxpayers are notified that they shall be subject to an assessment of the penalty. The notification shall precede any subsequent notice and demand of the penalty by at least 60 days.

As stated above, a Certificate of Assessments, Payments, and Other Specified Matters is presumptive proof of a valid assessment. The certificate is also presumptive proof that proper notices were given to the taxpayer prior to the assessment in the manner prescribed by the Internal Revenue Code. *Hopkins v. Department of Treasury, Internal Revenue Service (In re Hopkins)*, 192 B.R. 760, 762 (D.Nev.1995). This comports with the presumption of regularity discussed by the Eighth Circuit in *United States v. Ahrens*, 530 F.2d 781 (8th Cir.1976). The court stated,

> "The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."

*United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926). A corollary to the general rule may be stated as follows:

> " * * * (A)ll necessary prerequisites to the validity of official action are presumed to have been complied with, and * * * where the contrary is asserted it must be affirmatively shown."

*Lewis v. United States*, 279 U.S. 63, 73, 49 S.Ct. 257, 260, 73 L.Ed. 615 (1929). *Ahrens*, 530 F.2d at 785–86.

In the light of the above cases and the presumption of regularity, the Court finds that the United States has presented prima facie evidence that proper notice was given to the debtors prior to the assessment of the § 6672(a) trust fund recovery penalty. Hence, the United States has met its burden of production and persuasion as to the first issue.[4]

---

**4.** On November 5, 2001, in reply to the debtors' response to the United States's motion for summary judgment, the IRS submitted an additional affidavit and attached Domestic Return Receipt signed by Ms. Milton Smallwood on January 4, 2000, as additional evidence that notice of the assessment was given to the debtors. The Court did not consider this additional affidavit in finding that the United States met its burden of production and persuasion.

## IRS's Burdens of Production and Persuasion—Accord and Satisfaction

The second issue before the Court is whether the debtors' tender of $86,470.00 to the IRS discharged any liability in accord and satisfaction. The debtors assert that when the IRS deposited the check tendered by the debtors' attorney, the IRS accepted the offer in compromise, thereby satisfying their debt under accord and satisfaction. The IRS contends that an offer in compromise is not accepted until the taxpayer is notified in writing by an authorized official of the United States.

▉ Settlement of tax claims is governed by 26 U.S.C. § 7122. Under § 7122(a), "[t]he Secretary may compromise any civil or criminal case arising under the internal revenue laws ...." 26 U.S.C. § 7122(a). However, there are formal, exclusive procedures for settling tax claims set forth in the Code of Federal Regulations. *See* 26 C.F.R. § 301.7122–1T (2001). First, an offer to compromise a tax liability "must be submitted according to the procedures, and in the form and manner, prescribed by the Secretary. An offer to compromise a tax liability must be signed by the taxpayer under penalty of perjury and must contain the information prescribed or requested by the Secretary." *Id.* § 301.7122–1T(c)(1). Second, an offer to compromise is not accepted by the IRS until "the IRS issues a written notification of acceptance to the taxpayer or the taxpayer's representative." *Id.* § 301.7122–1T(d)(1). Finally, any monies submitted with an offer to compromise "are considered deposits and will not be applied to the liability until the offer is accepted unless the taxpayer provides written authorization for application of the payments.... If an offer is rejected, any amount tendered with the offer, including all installments paid on the offer, will be refunded, without interest." *Id.* § 301.7122–1T(g).

▉ In this case, the parties agree that the offer to compromise the tax liability of the debtors has never been accepted in writing by an authorized official of the United States. In fact, the Certificate of Assessments, Payments, and Other Specified Matters reflects that the debtors' offer in compromise was rejected on June 15, 2001. Without written authorization from the IRS of acceptance of the offer to compromise, the tax liability cannot be discharged in accord and satisfaction. The United States has met its burden of production and persuasion as to the second issue.

## Debtors' Burden of Production

The Court finds that the IRS has met its dual burdens of production and persuasion as to both issues, and the burden of production now shifts to the debtors to present specific facts that would show a genuine issue for trial. The debtors did not submit any affidavits, depositions, answers to interrogatories, or admissions on file to show there is a genuine issue for trial as to either issue before the Court. In fact, the debtors rely on the affidavit of Conrad Jacobsen that was submitted by the IRS.

As to the first issue, the debtors only stated in their response to the IRS's motion that they disputed an assessment was issued to the debtors. Without evidence to the contrary, the Court finds that a valid assessment was issued to the debtors as evidenced by the Certificate of Assessments, Payments, and Other Specified Matters. Likewise, the debtors produced neither an affidavit from the debtors or any evidence to support their claim that the notice required under § 6672(b) was not mailed or delivered to the debtors. Again, without evidence to the contrary, the Court finds that under the presumption of regularity, the 60 day preliminary notice required under § 6672(b) was prop-

erly mailed or delivered to the debtors prior to the imposition of the § 6672(a) penalty.

As to the second issue, the parties agree that the debtors' offer in compromise was never accepted in writing by the IRS as required by 26 U.S.C. § 7122, and the Court finds as a matter of law that the tender of $86,470.00 by the debtors did not discharge any liability of the debtors in accord and satisfaction.

## CONCLUSION

The last two sentences of Federal Rule of Civil Procedure 56(e) state,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). These sentences were added "to disapprove a line of cases allowing a party opposing summary judgment to resist a properly made motion by reference only to its pleadings." *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548; *see also Webb v. Lawrence Cty.*, 144 F.3d 1131, 1134 (8th Cir.1998)("non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit"). The United States has met its dual burdens of production and persuasion, and the debtors have not responded with any specific facts that would show there is a genuine issue for trial. Under Federal Rule of Civil Procedure 56, summary judgment is appropriate in this case. The Court grants the United States of America's motion for summary judg-

ment, and the debtors' objection to the Department of Treasury/Internal Revenue Service's claim in the amount of $207,699.46 is overruled.

IT IS SO ORDERED.