Charles R. HEFTI and Marion Hefti, Plaintiffs–Appellants,

v.

INTERNAL REVENUE SERVICE, Defendant–Appellee.

No. 92–3715.

United States Court of Appeals, Seventh Circuit.

Argued May 4, 1993.

Decided Nov. 2, 1993.

Rehearing and Suggestion for Rehearing In Banc Denied Dec. 14, 1993.

Clifford Schwartz, Schwartz & Ochs, St. Louis, MO (argued), for plaintiffs-appellants.

Gary R. Allen, Janet Bradley, William S. Estabrook, Billie L. Crowe, Dept. of Justice, Tax Div., Appellate Section, Benjamin R. Norris, Dept. of Justice, Tax Div., Washington, DC, for defendant-appellee.

Before CUMMINGS and RIPPLE, Circuit Judges, and WILLIAMS, Senior District Judge.*

SPENCER WILLIAMS, Senior District Judge.

Plaintiffs Charles and Marion Hefti allege in this lawsuit that they are entitled to tax refunds for various years because the Internal Revenue Service disallowed valid deductions for some of those years or never made lawful assessments for the other years. The district court granted the government's motions to dismiss and for summary judgment, and denied the Heftis' discovery related motions, decisions which the Heftis appeal. For the reasons expressed below, we affirm.

* The Honorable Spencer Williams of the United States District Court for the Northern District of California, sitting by designation.

## BACKGROUND

On March 30, 1984, the Internal Revenue Service issued a notice of deficiency to the Heftis for their 1980–82 tax returns. In response, the Heftis petitioned the Tax Court for redetermination of those deficiencies. The case went to trial, and on May 10, 1988, the Tax Court ruled in favor of the IRS, a decision which was affirmed by the Eighth Circuit Court of Appeals. *See Hefti v. Commissioner,* 57 T.C.M. (P–H) ¶ 88,022, 1988 WL 2444 (1988), *aff'd without published opinion,* 894 F.2d 1340 (8th Cir.1989), *cert. denied,* 495 U.S. 933, 110 S.Ct. 2176, 109 L.Ed.2d 505 (1990).

On October 4, 1988, while the case was on appeal, the IRS received a check from the Heftis in the amount of $155,500, which the IRS applied to their 1980 through 1982 tax liabilities. On December 5, 1988, the IRS assessed the amounts of the Heftis' deficiencies and additions to tax for tax years 1980 through 1982 in accordance with the Tax Court's decision.

Almost a year after they had tendered the $155,500 payment to the IRS, the Heftis filed claims for refunds for 1980 through 1982, asserting that the IRS had failed to execute lawful assessments permitting collection. A few weeks later, the IRS disallowed the refund claims.

On December 7, 1987, the IRS mailed the Heftis a notice of deficiency for their 1984 and 1985 tax liabilities. The IRS issued assessments for these years on May 23, 1988 and on August 8, 1988, the Heftis made payments on their liabilities. The Heftis subsequently filed a series of refund claims for 1984 and 1985, which the IRS rejected.

After the IRS rejected their refund claims, the Heftis filed suits (which were later consolidated) in district court seeking to recover the federal income taxes they alleged were wrongfully collected for tax years 1980, 1981, 1982, 1984 and 1985. On March 20, 1992, the district court granted the government's motion for summary judgment (1) to dismiss with prejudice the Heftis' claim for refund for the 1980 through 1982 tax years as barred by § 6512(a) of the Internal Revenue Code, and (2) to limit their claims for refund for 1984 and 1985 to the actual merits thereof.

In separate orders, the district court also denied the Heftis' motions (1) to compel the government to produce documents relating to the assessment of their taxes, and (2) to allow them to depose the IRS unit manager who certified the Certificates of Assessments and Payments the government filed in support of its motion for summary judgment.

Six months later, the district court granted the government's motion to dismiss the remaining issue in the case, the merits of the Heftis' refund claims for 1984 and 1985. The district court dismissed these claims for lack of subject matter jurisdiction due to the Heftis' failure to produce any evidence that they had pursued their claim administratively before filing suit, as required by Treas. Reg. § 301.6402–2(a)(2).

## DISCUSSION

### I. *The 1980–82 Refund Claims*

We review *de novo* a district court's decision to grant summary judgment, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party. *Talbot v. Robert Matthers Distrib. Co.,* 961 F.2d 654, 663 (7th Cir.1992).

### A. Summary Judgment Legal Standard

Summary judgment is appropriate if the court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears "the initial responsibility of informing the district court of the basis for its motion. . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), and must demonstrate that no genuine issue of material fact exists for trial. *Id.,* at 322, 106 S.Ct. at 2552. However, the moving party is not required to *negate* those portions of the nonmoving party's claim on which the nonmoving party bears the burden of proof. *Id.,* at 323, 106 S.Ct. at 2553.

Once the moving party demonstrates that there is no genuine issue of material fact, the nonmoving party must designate "specific

facts showing that there is a genuine issue for trial." *Id.*, at 324, 106 S.Ct. at 2553. In doing so, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.*, at 322, 106 S.Ct. at 2552.

### B. Analysis

Internal Revenue Code section 6512(a) provides that if the IRS has timely mailed a notice of deficiency to a taxpayer, and the taxpayer has timely filed a petition with the Tax Court, no suit for the recovery of any part of the tax to which the petition relates shall be brought by the taxpayer in any court. The exceptions to this rule are as follows: (1) overpayments determined by the Tax Court; (2) amounts collected in excess of amounts decided by the Tax Court; (3) amounts collected after the period of limitations upon the making of levy or after the time for beginning a proceeding in court for collection has expired; or (4) overpayments attributable to certain partnership items. I.R.C. § 6512(a).

The Heftis do not attempt to argue that any of the exceptions to section 6512(a) apply to the payments they made for 1980 through 1982. Nor do they dispute that their 1980 through 1982 tax years were the subject of Tax Court litigation in which they exercised all rights of review available to them. Instead, the Heftis argue that section 6512(a) is not applicable to them because the IRS never made lawful assessments for those years. They repeatedly stress that this is not the typical case alleging overpayment and seeking refund; rather, they assert that this case involves a demand for a return of "deposits" based on the failure of the government to properly assess their tax liabilities.

█ The Heftis first challenge the validity of the assessments on the ground that they were not timely made. Under Internal Revenue Code section 6501(a), the IRS must assess the tax within three years after the return is filed. If the taxpayer files a petition in Tax Court, this limitations period is suspended until 60 days after the decision of the Tax Court becomes final. I.R.C. § 6503(a)(1). If, as in this case, an appeal is filed, the Tax Court's decision is affirmed, and the Supreme Court denies certiorari, the Tax Court decision becomes final when the time to file a motion for rehearing of the denial of certiorari expires. I.R.C. § 7481(a)(2)(B). In this case, the Supreme Court denied the Heftis' petition for certiorari on May 14, 1990, which would have given the IRS until at least July 13, 1990 to issue the assessments. Thus, the December 5, 1988, assessments for the 1980–82 tax years were issued well before the assessment period expired.

█ The Heftis also claim that the Certificates of Assessments and Payments are not sufficient to establish that they were properly assessed. An assessment is made "by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." I.R.C. § 6203. The IRS satisfies its obligations under this statute when an assessment officer signs a summary record of assessment, describing (1) the taxpayer's name and address; (2) the character of the assessed liability; (3) the taxable period (if any); and (4) the amount of the assessment. Treas.Reg. § 301.6203–1. Contrary to the Heftis' assertion, the Certificates of Assessments and Payments offered by the government in support of its motion for summary judgment meet the requirements of Treas. Reg. § 301.6203–1, as they contain all of the necessary information. In addition, Certificates of Assessments and Payments establish the fact of assessment and carry with them a presumption of validity and that the assessments they reflect were properly made. *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir.1989), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989); *United States v. Strebler*, 313 F.2d 402, 403–404 (8th Cir.1963); *United States v. Dixon*, 672 F.Supp. 503, 506 (M.D.Ala.1987), *aff'd without published opinion*, 849 F.2d 1478 (11th Cir.1988). Each of the Certificates of Assessments and Payments at issue here was accompanied by a Certificate of Official Record, signed under seal by an IRS official. As such, the district court properly relied on them in ruling on the government's motion

for summary judgment. *Hughes v. United States,* 953 F.2d 531, 540 (9th Cir.1992).

■ In response to the government's motion for summary judgment, the Heftis introduced certain tax transcripts and social security records in an attempt to establish that the assessments were never properly made. The Heftis also introduced their own affidavit and the affidavit of an expert, Wayne Bentson, to explain the significance of these documents.

None of this evidence is sufficient to create a genuine issue of material fact to defeat summary judgment. Social Security Administration records are not relevant to whether the IRS, a separate agency, lawfully made assessments. Furthermore, nothing in the tax transcripts refutes the information reflected in the Certificates of Assessments and Payments. Finally, a review of the Bentson affidavit reveals that he never denies that the assessments listed on the Certificates of Assessments and Payments were actually made. Because of these deficiencies, the Heftis have not satisfied their burden under *Celotex.*

Therefore, the district court properly granted the government's motion for summary judgment.

## II. *The 1984 and 1985 Refund Claims*

The Heftis also argue on appeal that the district court erred when it dismissed their claims for 1984 and 1985 for lack of subject matter jurisdiction. We review the district court's decision de novo. *Underwood v. Venango River Corp.,* 995 F.2d 677, 679 (7th Cir.1993).

■ Section 7422(a) of the Internal Revenue Code provides that:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

The regulations promulgated under this statute require that refund claims must be accompanied by supporting evidence, Treas. Reg. § 301.6402–1(a)(2), and must include a detailed statement providing the grounds for the claim. Treas.Reg. § 301.6402–2(b)(1). Claims which do not include the latter requirement "will not be considered for any purpose as a claim for refund or credit." *Id.*

These prerequisites serve several purposes. First, they ensure that the IRS has been given adequate notice of the nature of the claim and the specific facts upon which it is predicated, permitting administrative review and determination. Second, they give the IRS an opportunity to correct any errors that may have been made. Third, they limit the scope of the refund litigation. *Ottawa Silica Co. v. United States,* 699 F.2d 1124, 1138 (Fed.Cir.1983) (quoting *Union Pacific R.R. v. United States,* 389 F.2d 437, 442, 182 Ct.Cl. 103 (1968)).

■ The taxpayer bears the burden of proving that he or she is entitled to a deduction. *Jerome Mirza & Associates, Ltd. v. United States,* 882 F.2d 229, 232 (7th Cir. 1989), *cert. denied,* 495 U.S. 929, 110 S.Ct. 2166, 109 L.Ed.2d 496 (1990). Accordingly, the taxpayer must come forth with evidence to substantiate the deduction and must do so prior to filing a suit for refund in order to effect the purposes underlying the statutory and regulatory prerequisites. The court is without jurisdiction to entertain a refund suit where these prerequisites have not been satisfied. *Goulding v. United States,* 929 F.2d 329, 331 (7th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 188, 121 L.Ed.2d 132 (1992).

■ In the Heftis' opinion, the amended returns constituted a sufficient claim under Internal Revenue Code section 7422(a) because they contain a line by line accounting and establish why they are entitled to a refund. However, the forms they submitted merely reassert the same deductions they claimed on the forms they originally filed and lack the necessary factual basis to satisfy Treas.Reg. § 301.6402–2(b)(1). In addition, the claims were not accompanied by supporting evidence. The amended returns do explain that Charles Hefti is the sole proprietor of a business he operates out of his personal

residence and that for the past several years he has "been in massive expansion." Supp.Appendix, pp. 76, 99. However, this statement, without documentation to substantiate whatever deductions this activity might warrant, is simply not sufficient to support the refunds claimed. The law requires taxpayers to keep and maintain records supporting claimed deductions before such deductions will be granted. I.R.C. § 6001. Because the Heftis did not make such records available to the IRS, the IRS properly denied their claims.

The Heftis also contend that the IRS could have conducted an audit on the basis of their refund claims. This argument flies in the face of the plain language of Treas.Reg. § 301.6402–1(a)(2), which puts the burden on taxpayers to produce supporting evidence. This the Heftis failed to do.

We agree with the district court that the Heftis' failure to produce evidence to support their claimed deductions prevented any meaningful review of their refund claims at the administrative level. Therefore, the district court properly dismissed their claims for lack of subject matter jurisdiction.

### III. *The Heftis' Discovery Rights*

The Heftis also argue that the district court erred when it denied their motions (1) to compel the discovery of additional documentation related to the assessment of their taxes, and (2) to allow them to depose the IRS unit manager who certified the Certificates of Assessments and Payments. District courts have "wide latitude in controlling discovery," and denial of a request for discovery will not be overturned absent a clear abuse of discretion. *United States ex rel. Army Athletic Ass'n v. Reliance Ins. Co.,* 799 F.2d 1382, 1387 (9th Cir.1986).

Certificates of Assessments and Payments provide a sufficient basis for establishing that the assessments at issue were duly made without requiring discovery of the underlying source documents. *See Hughes,* 953 F.2d at 539–40; *McCarty v. United States,* 929 F.2d 1085, 1088–89 (5th Cir.1991). In light of this authority, we find that the district court did

not abuse its discretion in denying the Heftis' discovery motions.

AFFIRMED.