**Edward F. KANE, Executor for the Estate of J.A. Peter Strassburger, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 96–3630.**

United States District Court,
E.D. Pennsylvania.

Aug. 26, 1996.

Edward F. Kane, Kane, Pugh, Knoell & Driscoll, Norristown, PA, for Plaintiff.

Charles M. Flesch, U.S. Dept. of Justice, Washington, D.C., for Defendant.

## ORDER AND MEMORANDUM

KATZ, District Judge.

AND NOW, this 26th day of Aug., 1996, upon consideration of the United States' Motion to Dismiss Plaintiff's Action, and the defendant's response thereto, it is hereby **ORDERED** that the said motion is **GRANTED.**

The plaintiff, the executor of decedent J.A. Peter Strassburger's estate, brought this suit for a partial refund of funds paid pursuant to the Federal Estate Tax. Complaint ¶ 1, 4, 5. Since the decedent's death, plaintiff has paid $18,336,847 in federal estate taxes. *Id.* ¶ 5. Plaintiff contends that he has overpaid $2,637,967.00. *Id.* ¶ 14.

Plaintiff contends that the Omnibus Budget Reconciliation Act of 1993 ("OBRA"), which increased the applicable Federal Estate Tax from fifty percent, when decedent died, to fifty-five percent, should not have been applied retroactively. *Id.* ¶ 11, 12, 13. Plaintiff contends that the retroactive increase in the tax rate violates both the Tak-ings and Due Process Clauses of the Fifth Amendment. *Id.* ¶ 14.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his claim. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). In reviewing a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *See Rocks v. Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989).

■ The OBRA is consistent with the Due Process Clause. Retroactive application of a tax statute satisfies due process so long as it is rationally related to a legitimate government purpose. *United States v. Carlton,* 512 U.S. 86, ——, 114 S.Ct. 2018, 2022, 129 L.Ed.2d 22 (1994). The tax increase is rationally related to the legitimate goals of raising revenue, improving tax equity, and making the tax system more progressive. *See* H.R.Rep. No. 103–111, 103d Cong., 1st Sess. (1993), *reprinted in* 1993 U.S.C.C.A.N. 378, 875. These goals are neither illegitimate nor arbitrary. *See Carlton,* 512 U.S. at ——, 114 S.Ct. at 2023. Additionally, the retroactive time period of eight months is modest. *See id.* (approving a time period of slightly over one year).

■ The OBRA does not violate the Takings Clause. The Supreme Court has held that the Constitution can consistently allow Congress to tax income while prohibiting Congress from unlawful takings. *Brushaber v. Union Pacific R.R.,* 240 U.S. 1, 24, 36 S.Ct. 236, 244, 60 L.Ed. 493 (1916). The OBRA is constitutional unless the statute is so arbitrary as to amount to a confiscation of property rather than an exaction of tax. *Acker v. Commissioner of Internal Revenue,* 258 F.2d 568, 574 (6th Cir.1958), *aff'd on other grounds,* 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959). While the tax rate at issue may be high, it does not amount to a confiscation and thus is not a taking.

■ Finally, this court lacks subject matter jurisdiction over the portion of the Complaint that seeks a refund of $412,301.00. A taxpayer must both pay the contested amount and file a claim for refund before suing for a refund in district court. *See* 26 U.S.C. § 7422(a); *Bokum v. Commissioner of Internal Revenue,* 992 F.2d 1136, 1141 (11th Cir.1993); *Thomas v. United States,* 755 F.2d 728, 729 (9th Cir.1985). As the plaintiff has not filed a claim for refund for $412,301.00 of his claim for $2,637,967.00, this court lacks jurisdiction to consider that portion of plaintiff's claim.