**US BANK, N.A. and Janet Dinsmore Miller, Co–Trustees of the Ruth S. Dinsmore Trust Agreement, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 8:99CV64.**

United States District Court, D. Nebraska.

Sept. 15, 1999.

Gerald L. Friedrichsen, Susan J. Spahn, Nick R. Taylor, Fitzgerald, Schorr Law Firm, Omaha, NE, for plaintiff.

Sarabeth Donovan, Assist. U.S. Atty., Omaha, NE, Rachael I. Wollitzer, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter comes before the Court on the defendant's motion to dismiss for failure to state a claim (filing 13). The plaintiffs have opposed the motion. Both parties have briefed the issues. Following the Court's review of the pleadings, briefs and case law, the Court will grant the defendant's motion to dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. Factual Summary

On April 14, 1993, Ruth S. Dinsmore died. At the date of her death, the maximum federal estate tax rate was 50%. In August 1993, President Clinton signed the Omnibus Budget Reconciliation Act ("OBRA") in which section 13208 of OBRA increased the highest federal estate and gift tax rates to 53% for transfers over $2.5 million but less than $3 million, and 55% for transfers over $3 million. The OBRA tax rate increases were retroactively effective January 1, 1993. See 26 U.S.C. § 2001(c)(1) (West Supp.1998).

As a result of the retroactive application of section 13208's increase in estate tax rates, the tax liability of the Ruth Dinsmore estate increased. The decedent's estate was assessed $175,136.93 more in estate taxes than it would have been assessed under a 50% tax rate. The estate filed a claim for refund with the Internal Revenue Service which was denied. In its refund claim, the estate claimed that "[t]he retroactive repeal of the rate reduction occurred after the date of death and was unconstitutional and otherwise invalid." (Filing 1, Attachment marked as Ex 1). After the IRS denied the claim, the plaintiff filed this lawsuit asserting that section 13208's retroactive application was unconstitutional on the grounds that it constitutes a direct tax without apportionment, contravenes the Constitution's prohibition against *ex post facto* laws, violates the Due Process, Takings, and Equal Protection Clauses of the Fifth Amendment to the Constitution, as well as violates the Separation of Powers doctrine. (Filing 1, Counts I–VI). In its brief opposing dismissal under Rule 12(b)(6), the plaintiffs have voluntarily dismissed their equal protection and separation of powers' claims (Counts V–VI). Accordingly, the Court shall not review these two constitutional claims.

In support of its motion to dismiss, the government argues that the Court lacks federal subject matter jurisdiction over the claims identified in the complaint because the estate failed to specify the grounds in its claim for refund. In the alternative, the government argues that the retroactive application of the estate tax was not unconstitutional, and the plaintiffs' claims must be dismissed.

### II. Standard of Review

In considering a motion to dismiss, the Court shall assume all facts alleged in the complaint as true, construe the complaint liberally in the light most favorable to the plaintiff, and dismiss the complaint only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994).

### III. Discussion

#### A. Subject Matter Jurisdiction

The Internal Revenue Code mandates that no suit for a refund may be brought in any court until a claim for refund has been filed with the Secretary of Treasury in accordance with Treasury Regulations. Section 7422(a) of Title 26 of the United States Code provides in relevant part:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collect-

ed, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof. 26 U.S.C. § 7422(a). Under this statute the regulations promulgated require a taxpayer to specify *each ground* for which a refund is claimed:

No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of *the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.* The statement of the grounds and facts must be verified by a written declaration that is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402–2(b)(1) (emphasis added).

■ Compliance with these specific statutory and regulatory provisions is a prerequisite to federal subject matter jurisdiction over a claim for refund. *Quarty v. United States,* 170 F.3d 961, 972 (9th Cir. 1999) (citing *Commissioner v. Lundy,* 516 U.S. 235, 240, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996) (noting that under 26 C.F.R. § 301.6402–2(b)(1) claim for refund in district court must state ground for refund with specificity)). Compliance with these specificity requirements also allows the IRS to limit the scope of refund litigation to issues which the IRS has been given an adequate opportunity to examine and to decide to defend. *Quarty,* 170 F.3d at 972 (citing *Hefti v. Internal Revenue Serv.,* 8 F.3d 1169, 1173 (7th Cir.1993)).

■ In support of its motion to dismiss, the United States argues that the Court lacks subject matter jurisdiction because the estate of Ruth Dinsmore failed to raise any one of the six grounds alleged in the complaint in its claim for refund. The estate only claimed that "[t]he retroactive repeal of the rate reduction occurred after the date of death and was unconstitutional and otherwise invalid." (Filing 1, Attachment marked Ex. 1). The plaintiff argues that the federal courts require only notice pleading and that requiring the taxpayer to use "magic words" creates unfair prejudice to the taxpayer.

The Court finds that the plaintiffs' arguments are unpersuasive. That the Federal Rules of Civil Procedure permit notice pleading is irrelevant. The government is not challenging the legal sufficiency of the plaintiffs' complaint in this action, and the Federal Rules of Civil Procedure do not govern IRS claims for refunds. Rather, the government convincingly argues that the catchall language "unconstitutional and invalid" used by the estate in its claim for refund failed to comply with the specificity requirements promulgated. The Court agrees. Whether pleaded in a refund claim or court pleading, the terms "unconstitutional" and "invalid" are so vague and ambiguous that the IRS cannot reasonably be required to know, let alone defend, such a claim.

The plaintiffs' second argument about magic words and unfair prejudice also lacks merit. An examination of the refund claim reveals that an attorney with U.S. Bank participated in preparing and signing the refund claim. As a trust attorney, Mr. Timmins is charged with knowing the statutory and regulatory requirements governing the application for refund claims. The Court finds no unfair prejudice in this case. Accordingly, the Court shall grant the defendant's motion to dismiss for lack of federal subject matter jurisdiction.

### B. Constitutional Merits

■ In the alternative, the Court will also grant the defendant's motion to dismiss on the merits. In support of its motion, the government has cited and extensively discussed three recent cases addressing the constitutionality of 1993 OBRA section 13208. See *In Nations-*

*Bank of Texas v. United States,* 44 Fed.Cl. 661 (Fed.Cl.1999); *Quarty v. United States,* 170 F.3d 961 (9th Cir.1999); and *Kane v. United States,* 942 F.Supp. 233, (E.D.Pa.1996), *aff'd without op.,* 118 F.3d 1576 (3d Cir.1997). The Court has carefully reviewed these cases and adopts their holdings that the 1993 retroactive application in federal estate tax rates was not unconstitutional and specifically did not violate the Apportionment Clause, Due Process Clause of the Fifth Amendment, or Takings Clause under the Fifth Amendment, and did not contravene the prohibition against *ex post facto* laws. Accordingly, the Court shall grant the defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss (filing 13) is granted.