T.C. Memo. 2003-16

UNITED STATES TAX COURT

BENJAMIN B. AND CAROLYN M. HAINES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8296-02L.               Filed January 21, 2003.

Benjamin B. and Carolyn M. Haines, pro sese.

<u>Hieu C. Nguyen</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent, in a motion filed on November
20, 2002, moved for summary judgment on the questions of whether
he may proceed with collection and whether a section 6673[1]

---

[1] All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

penalty should be imposed against petitioners.  Respondent alleges that the section 6330 prerequisites have been met and that he should be allowed to proceed with collection of petitioners' assessed and outstanding tax liability.  With respect to the penalty, respondent contends that petitioners instituted this proceeding primarily for delay and that their position in the proceeding is frivolous and groundless.

Petitioners' objection to respondent's motion for summary judgment was filed on December 10, 2002.  In essence, petitioners contend that, although respondent has sent certain documents to them, those documents are not acceptable because they do not meet the standards that petitioners contend exist.

Background

Petitioners resided in Lakewood, California, at the time their petition was filed.  Petitioners' 1998 Federal income tax return was filed on April 15, 1999.  Petitioners filed an income tax return on which they entered zeros in all pertinent boxes for the reporting of income, and they claimed a standard deduction and two exemptions.  They also reported $7,726 of income tax withholding and, because they reported zero income, claimed an overpayment in the amount of the withheld tax.  On that same return, petitioners reflected their occupations as "Graphic Artist" and "Dialysis".  Attached to petitioners' return is a

typical protester explanation of why they were not required to report income or pay Federal tax.

On March 17, 2000, respondent mailed a notice of deficiency to petitioners determining a $9,608 income tax deficiency for 1998, based on petitioners' income (ostensibly wages) reported to respondent by several third-party sources, including Gambro Healthcare, Inc.; Kevin Keep; Mohan Dialysis Center; and Screen Art, Inc. Respondent also determined an addition to tax under section 6651(a)(2) and a penalty under section 6662(a) for petitioners' 1998 tax year. Petitioners acknowledged receipt of the deficiency notice in a March 30, 2000, letter to respondent and, among other similar protester statements, indicated that "Nothing in the Privacy Act or in the above statutes informs me that I have to 'comply' with, or pay attention to, letters and/or alleged 'determinations' sent to me by various and sundry employees of the IRS."

Petitioners, however, failed to petition this Court with respect to the notice of deficiency. Respondent assessed the income tax deficiency, addition to tax, and penalty; provided petitioners with notice and demand; and because petitioners failed to pay, on April 26, 2001, issued a Form Letter 1058, Final Notice--Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On May 30, 2001, respondent received a Form 12153, Request for a Collection Due Process Hearing, from

petitioners.  On April 3, 2001, a face-to-face hearing was held with two Appeals officers and petitioners.  During the hearing, petitioners were provided with a Form 4340, Certificate of Assessments and Payment, for their 1998 tax year.

At the hearing, which was recorded and transcribed, petitioners asked the Appeals officers whether they had obtained verification from the Secretary of the Treasury that the requirements of the applicable laws and procedures had been met. The Appeals officers explained that the requested information was on the Form 4340 provided to petitioners.  The Appeals officers also provided petitioners with audit documents reflecting the details underlying the deficiency determination and assessment for 1998.  Petitioners then engaged the Appeals officers in a discussion of the assessment and the information contained on Form 4340.  Petitioners' comments during that discussion focused on whether the Commissioner could assess tax if taxpayers did not consent or report the amounts in their returns.  Petitioners also questioned the validity of the various notifications they received on the grounds that they were not signed by the Secretary or by some person who it was shown was authorized to do so.  They also made the argument that respondent was required to use certain forms and that respondent's failure to do so rendered notifications to them without effect.  Finally, petitioners questioned whether the Appeals officers could "point to" anything

in the Internal Revenue Code that required petitioners to pay Federal tax. Petitioners did not discuss any collection alternatives or raise any of the other subjects set forth in section 6330(c)(2) regarding the issues that may be raised at a section 6330 hearing.

On April 23, 2002, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.

## Discussion

Respondent seeks summary judgment with respect to whether he may proceed to collect certain outstanding tax liabilities against petitioners and whether petitioners should be held liable for a penalty under section 6673. Rule 121 provides for summary judgment for part or all of the legal issues in controversy if there is no genuine issue as to any material fact. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). In that regard, summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

There is no genuine issue as to any material fact in this case. The matters raised in the pleadings are susceptible to resolution by means of summary judgment. Respondent, pursuant to section 6331(a), seeks to levy on petitioners' property. In accord with section 6331(d), respondent provided petitioners with

a final notice of intent to levy, which also included notice of petitioners' right to an administrative appeal of respondent's determination to collect the tax. In that regard, the Commissioner cannot collect unpaid tax by levy without the opportunity for a taxpayer to seek an administrative review of the determination to proceed with collection, and/or the opportunity for judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000).

Petitioners did not file a petition following their receipt of the notice of deficiency, so the validity of the underlying liability was not properly at issue in the administrative hearing, and is not at issue here. Accordingly the Court will review the administrative determination for abuse of discretion. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Because petitioners were not entitled to question the underlying tax liability, their administrative hearing was limited to collection issues, including spousal defenses, the appropriateness of respondent's intended collection action, and a possible alternative to collection. Petitioners disputed the appropriateness of respondent's proposed collection action by questioning whether the Appeals officer had satisfied the verification requirement of section 6330(c)(1). Petitioners also raised questions about whether respondent met various statutory

requirements prerequisite to collection.  Petitioners contend that respondent used incorrect forms for the notice and demand and otherwise failed to meet the requirements because of the lack of personal verification by the Secretary or a person shown to be authorized to exercise the Secretary's authority.

At the Appeals hearing, petitioners were provided with a transcript of their account, which detailed information underlying the assessment of the tax in question.  Petitioners do not question whether all of the steps had been taken or performed.  In effect, they dispute the genuineness or authenticity of the documents respondent used to meet the statutory requirements.

Petitioners contend that the Form 4340 is insufficient to prove the validity of the assessment that was made against them for their 1998 tax year.  Form 4340 has been generally accepted by courts to show that a valid assessment has been made within the meaning of section 6203.  Hefti v. IRS, 8 F.3d 1169 (7th Cir. 1993); Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993); Geiselman v. United States, 961 F.2d 1 (1st Cir. 1992); Davis v. Commissioner, supra.  Petitioners have raised superficial questions and made conclusory allegations regarding the assessment (such as whether respondent used the proper form), but they have shown no actual irregularity in the assessment process.

See Nicklaus v. Commissioner, 117 T.C. 117, 121 (2001); Berkey v. IRS, 88 AFTR 2d 01-6530, 2001-2 USTC par. 50,708 (E.D. Mich. 2001).

Petitioners also complain that they did not receive notice and demand. This contention is similar to others by petitioners; they question not whether they actually received the various notifications from respondent, but whether respondent used the particular form that petitioners argue must be used for the notice and demand to be valid. In that regard, section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement. Wagner v. Commissioner, T.C. Memo. 2002-180; see also Roberts v. Commissioner, 118 T.C. 365, 371 (2002). In addition, it has been held that "'the form on which a notice and assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under * * * [section 6303].'" Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1991) (quoting Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990)); Planned Invs., Inc. v. United States, 881 F.2d 340, 344 (6th Cir. 1989).

In addition, respondent is not required to prove receipt by petitioners of notice and demand, but need only show that the notice and demand was sent to petitioners' last known address. United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1989);

Pursifull v. United States, 849 F. Supp. 597, 601 (S.D. Ohio 1993), affd. 19 F.3d 19 (6th Cir. 1994).

Finally, Form 4340 may be relied upon to show that notice and demand was mailed to a taxpayer. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); United States v. Chila, supra. Respondent's failure to produce a copy of the notice and demand document is not conclusive, "because the notices are computer generated and do not exist in hard copy." Pursifull v. United States, supra at 601; Bassett v. United States, 782 F. Supp. 113, 117 (M.D. Ga. 1992). Accordingly, we hold respondent did not abuse his discretion with respect to the determination to proceed with collection, and we will grant so much of respondent's motion as moves for summary judgment on that issue.

Respondent has also moved for summary judgment on whether petitioners are liable for a penalty under section 6673 on the ground that their arguments are frivolous and that they instituted and maintained this proceeding primarily for delay. Section 6773 provides that this Court may impose a penalty, not to exceed $25,000, where it is found that a taxpayer's position in the proceeding is frivolous and/or that the proceeding was instituted and maintained primarily for delay. Section 6673 penalties may be imposed in a lien and levy case. Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000).

In addition to questioning the authenticity of respondent's documentation, petitioners have interposed protester arguments which have, on numerous occasions, been rejected by the courts. In order to support their arguments, petitioners have selectively picked phrases out of context from statutes and/or rulings. In so doing, petitioners have chosen to ignore more current or complete statements of the law. Petitioners have ignored the rules and regulations and contend that they are not required to comply with or pay attention to respondent's letters and determinations. Petitioners' arguments are superficial and without substance.

Under these circumstances we are convinced and hold that petitioners' position in this proceeding is frivolous and has been interposed primarily to protest the tax laws of this country and/or to delay collection activity by respondent. Accordingly, we hold that petitioners are liable for a $2,000 penalty under section 6673(a)(1).

To reflect the foregoing,

<u>An appropriate order and decision will be entered granting respondent's motion for summary judgment.</u>