**UNITED STATES of America**

**v.**

**Maurice and Karen A. JOHN, Defendants.**

**No. 01–CV–335A.**

United States District Court, W.D. New York.

Nov. 4, 2003.

Michael A. Battle, United States Attorney, Jane B. Wolfe, Assistant United States Attorney, of Counsel, Buffalo, NY, for Plaintiff.

Alan Shapiro, Trial Attorney, Tax Division, United States Department of Justice, Washington, D.C.

Maurice John and Karen A. John, Pro Se.

## ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1)(B), on July 8, 2002. On October 10, 2003, Magistrate Judge Foschio filed a Report and Recommendation, recommending that plaintiff's motion for summary judgment be granted, the federal income tax assessments made against defendants for the years ending December 31, 1984, 1985, 1986, 1987 and 1988 be reduced to judgment against defendants, and that the Clerk of the Court be directed to close the file.

The Court has carefully reviewed the Report and Recommendation, the record in this case, and the pleadings and materials submitted by the parties. No objections having been timely filed [1], it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, plaintiff's motion for summary judgment is hereby granted, and the Court grants judgment in favor of plaintiff against: (1) defendant Maurice John for the federal income tax assessments made against him for the years ending December 31, 1984, 1985, 1986, 1987 and 1988, which in total amount to $4,562,896.65 plus additional statutory interest from March 1, 2001; and (2) defendant Karen A. John for the federal income tax assessments made against her for the years ending December 31, 1984, 1985, 1986, 1987 and 1988, which in total amount to $4,563,189.68 plus additional statutory interest from March 1, 2001. The Clerk of Court is directed to take all steps necessary to close the file

IT IS SO ORDERED.

## REPORT and RECOMMENDATION

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This case was referred to the undersigned by the Honorable Richard J. Arcara on July 8, 2002 for all pretrial matters including report and recommendation on dispositive motions. The matter is presently before the court on Plaintiff's motion for summary judgment (Doc. No. 6) filed April 29, 2002.

### BACKGROUND and FACTS [1]

Plaintiff, the United States of America ("Plaintiff"), commenced this action on May 9, 2001, by filing a complaint to reduce to judgment federal income tax assessments made against Defendants Maurice John ("Maurice John") and Karen A. John ("Karen John") ("Defendants" or "the Johns"), for the years ending December 31, 1984, 1985, 1986, 1987 and 1988.[2]

---

1. The Court notes that page 2 of the Report and Recommendation appears to have a typographical error. The seventh line down in the first paragraph states "the years 1994 through 1998 ...." It should read "the years 1984 through 1988 ...."

1. The fact statement is taken from the pleadings and motion papers filed in this action.

2. Defendants served Plaintiff with purported answers to the Complaint on September 4, 2001 (Karen John) and September 13, 2001 (Maurice John) but did not file the answers with the court. Copies of these answers are attached as exhibits to Plaintiff's Local Rule 56 Statement of Uncontested Material Facts in Support of Motion for Summary Judgment (Doc. No. 11).

The Complaint is based on income tax assessments Plaintiff made against the Johns on May 27, 1991 for income taxes, penalties and interests for the years 1994 through 1998, inclusive, totaling $ 4,562,-896.65 (Maurice John) and $ 4,563,189.68 (Karen John), plus additional statutory interest from March 1, 2001. The income tax assessments were based on Plaintiff's determination that Maurice and Karen John each failed to report income generated by a business activity for the years in question.[3] Because Plaintiff was not given sufficient information to allocate the unreported income between Maurice and Karen John, Plaintiff allocated the unreported income 100% to each of the Defendants.

On April 29, 2002, Plaintiff filed a motion for summary judgment, submitting in support Plaintiff's Memorandum in Support of Its Motion for Summary Judgment (Doc. No. 7) ("Plaintiff's Memorandum"), the Declarations of Karen A. Smith, Esq. (Doc. No. 8) ("Smith Declaration") and Alan Shapiro, Esq. (Doc. No. 9) ("Shapiro Declaration"), and a Local Rule 56 Statement of Uncontested Material Facts in Support of Motion for Summary Judgment (Doc. No. 11) ("Plaintiff's Rule 56 Statement"), with attached exhibits.

By Order filed May 15, 2002, Honorable William M. Skretny directed Plaintiff to file an affidavit explaining the sum and substance of Misc. CIV 89–196A in relationship to the instant case to permit Judge Skretny to determine whether an Order to Show Cause issued by Judge Arcara in Misc. CIV 89–196A is related to the instant case. Accordingly, on June 10, 2002, Mr. Shapiro filed the requested declaration (Doc. No. 13) ("Second Shapiro Declaration"), explaining that Misc. CIV 89–196A was a summary enforcement ac-

tion brought by Plaintiff against Maurice and Karen John to enforce four Internal Revenue Service ("the IRS") summonses that were issued, in part, to permit the IRS to determine the federal income tax liability of the Johns for the years 1983 through 1988. *See* Petition to Enforce Four Internal Revenue Service Summons, Misc. CIV 89–196A, attached to Second Shapiro Declaration. On November 13, 1990, Judge Arcara issued an order requiring the Johns to comply with the summonses, holding the Johns in contempt of court for failing to comply with the court's order requiring compliance with the summonses, and remanded the Johns to the custody of the U.S. Marshal. Second Shapiro Declaration ¶¶ 4–5; *see* Judge Arcara Decision and Order filed November 13, 1990, Misc. CIV 89–196A ("Judge Arcara Nov. 13, 1990 Order, Misc. CIV 89–196A"), attached to Second Shapiro Declaration. On November 19, 1990, the Court issued an Enforcement Order requiring the Johns to appear at the United States Attorney Offices in Buffalo, New York to provide information and records to the IRS responsive to the summonses. Second Shapiro Declaration ¶ 6 (citing Judge Arcara Nov. 13, 1990 Order, Misc. CIV 89–196A). Upon determining that the instant action was related to the earlier summary enforcement action before Judge Arcara, this case was reassigned to Judge Arcara on June 21, 2002.

On August 22, 2002, Defendants filed in response to summary judgment documents entitled "Second Declaration of Karen A. John Answering U.S. Justice Department Trial Attorneys Second Motion for Summary Judgment—Motion to Dismiss" (Doc. No. 18) ("Karen John's Declaration") and "Second Declaration of Maurice A. John

---

**3.** The record does not disclose the underlying business activity from which the assessments  arise.

Answering U.S. Justice Department Trial Attorneys Second Motion for Summary Judgment and Motion to Dismiss" (Doc. No. 20) ("Maurice John's Declaration").[4] Both Maurice and Karen John oppose Plaintiff's summary judgment motion on the basis that neither Maurice nor Karen John was ever found liable under any civil law with respect to Misc. CIV. 89–196A, and that their Native American heritage renders the federal tax laws inapplicable to them.

On August 30, 2002, Plaintiff filed the United States' Reply in Support of Summary Judgment (Doc. No. 23) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion for summary judgment should be GRANTED; the federal income tax assessments made against Defendants for the years ending December 31, 1984, 1985, 1986, 1987 and 1988 should be reduced to judgment against Defendants and the Clerk of the Court should be directed to close the file.

### *DISCUSSION*

Summary judgment of a claim or defense will be granted when the moving party demonstrates that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a) and (b); *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Rattner v. Netburn,* 930 F.2d 204, 209 (2d Cir.1991). The moving party for summary judgment bears the burden of establishing the nonexistence of any genuine issue of

material fact. If there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, the moving party cannot obtain a summary judgment. *Catrett, supra,* at 331, 106 S.Ct. 2548.

Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation,* 51 F.3d 14, 18 (2d Cir.1995). In opposing a motion for summary judgment a party "may not simply rely on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Goenaga, supra,* at 18 (citing cases). Further, where the burden of proof on an issue for which summary judgment is sought is on the movant, should the movant fail to meet its initial burden of establishing the absence of any genuine issue of material fact as to that issue, the non-movant will prevail even if the non-movant submits no evidentiary matter establishing there is indeed a genuine issue for trial. *Zanghi v. Incorporated Village of Old Brookville,* 752 F.2d 42, 47 (2d Cir.1985).

In the instant case, Plaintiff seeks summary judgment on the basis that the Johns have failed to provide any evidence demonstrating either that the federal tax assessments made against them for the years 1984 through 1988 are not presumptively correct. Plaintiff's Memorandum at 2, 3–6. Defendants assert in opposition to summary judgment that the instant case vio-

---

**4.** Although the titles of Defendants' papers filed in response to Plaintiff's summary judgment motion indicate they are motions to dismiss, a plain reading of the papers establishes that they seek dismissal only of Plaintiff's summary judgment motion, rather than the Complaint, and, as such, are not true motions to dismiss under Fed.R.Civ.P. 12(b).

lates Defendants' civil rights to due process as they were never found liable under any civil law with respect to the earlier related summary enforcement action, *i.e.*, Misc. CIV 89–196A, and given their Native American heritage with Maurice John a member of the Six Nations Iroquois Confederacy and Karen John a Sioux Indian. Karen John's Declaration ¶ 3; Maurice John's Declaration ¶¶ 3–4.

■ The Internal Revenue Code provides that "[t]he Secretary [of the Treasury] is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law." 26 U.S.C. § 6201(a) (bracketed text added). The Internal Revenue Service ("the IRS") makes a federal tax assessment "by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations proscribed by the Secretary." 26 U.S.C. § 6203. The IRS satisfies its obligations under 26 U.S.C. § 6203 when an assessment officer signs a summary record of assessment providing: (1) the taxpayer's name and address; (2) the character of the assessed liability; (3) the taxable period, if applicable; and (4) the amount of the assessment, Treas. Reg. § 301.6203–1, 26 C.F.R. § 301.6203–1. Upon completion of these four steps, the IRS prepares Certificates of Assessments and Payments, commonly referred to as "Form 4340 Certificates," reflecting the assessments made against and any payments made by the defendants. *United States v. Kyser*, 78 A.F.T.R.2d 96–6737, 1996 WL 528534, *1 (W.D.N.Y. Sept.11, 1996). "Courts consistently regard such certificates as presumptively correct and as being sufficient proof,

in the absence of evidence to the contrary, of the adequacy and propriety of the notices and assessments listed therein." *Kyser, supra*, at *2 (citing *Hefti v. I.R.S.*, 8 F.3d 1169, 1172–73 (7th Cir.1993)).

■ In the instant case, Plaintiff submits in support of its motion for summary judgment ten separate Form 4340 Certificates for each of the federal tax assessments made by the IRS against each Defendant for failing to pay taxes for the years ending December 31, 1984, 1985, 1986, 1987 and 1988. Defendants submit nothing contradicting the presumed validity of the Form 4340 Certificates, relying instead on their conclusory assertions that Plaintiff has violated their right to due process by subjecting them to the instant lawsuit because Defendants were never found liable for federal income taxes under any relevant civil law in connection with the related summary enforcement action and given that their Native American heritage shields them from liability under the federal income tax laws.

Conclusory assertions are, however, insufficient to defeat a properly supported motion for summary judgment. *Goenaga, supra*, at 18. Moreover, there is no merit to Defendants' assertions that this action violates their constitutional rights to due process because they were never found liable under any civil law in connection with the related summary enforcement action and because Defendants are Native Americans.

Whether Defendants were liable for unpaid federal income taxes for the years 1984 through 1988 was not at issue in the summary enforcement action. Rather, the record establishes that the summary enforcement action pertained only to Defendants' failure to comply with four IRS summonses issued to permit the IRS to determine Defendants' tax liability.

Specifically, on April 7, 1989, Internal Revenue Agent Stephen J. Cornwall ("Agent Cornwall") issued four administrative summonses pursuant to 26 U.S.C. § 7602 [5] directing Defendants to appear before Agent Cornwall on April 18, 1989 to produce such records as described in the summonses reflecting Defendants' income for the years 1983 [6] through 1988. Petition to Enforce Four Internal Revenue Service Summons, 89–196A ("Summary Enforcement Petition") (attached as an unnumbered exhibit to the Second Shapiro Declaration), ¶¶ 7.[7] According to Agent Cornwall, although Defendants were properly served with the summonses, Defendants failed to appear as directed on April 18, 1989. Summary Enforcement Petition ¶¶ 8–9. Because the Defendants' appearance and requested data and information was necessary to enable the IRS to determine Defendants' federal income tax liabilities for the years in question, Agent Cornwall commenced the summary enforcement action, Misc. CIV 89–196A, to compel Defendants to produce documents and records for the tax years 1983 through 1989. Summary Enforcement Petition ¶¶ 10–13. Judge Arcara issued an Order to Show Cause, returnable before Judge Arcara on January 19, 1990, as to why Defendants should not comply with the IRS's summonses.

In response to the Order to Show Cause, both Maurice and Karen John appeared before Judge Arcara on January 19, 1990, *pro se.* Defendants both argued that they were not subject to federal income tax laws because of their Native American heritage. Judge Arcara found that despite their Native American heritage, Defendants were, nevertheless, subject to federal income tax laws. Judge Arcara Nov. 13, 1990 Order, Misc. CIV 89–196A at 3–4. Defendants were also ordered to comply with the IRS summonses. *Id.* at 3. Defendants, nevertheless, refused to cooperate with the IRS's investigation and Judge Arcara found Defendants in contempt of court and remanded Defendants to the custody of the U.S. Marshal. *Id.* at 4–10. The Johns appealed the contempt order to the Second Circuit Court of Appeals but a Stipulation to Dismiss Appeal filed on April 29, 1991, establishes Defendants did not pursue the appeal.[8]

■ On May 27, 1991, the IRS made assessments against Defendants for income taxes, penalties and interest for the years 1984 through 1988 totaling $ 4,562,-887.65 (Maurice John) and $ 4,563,180.68 (Karen John). According to Notices of Federal Tax Liens regarding Defendants' failure to pay federal income taxes for the

**5.** 26 U.S.C. § 7602 provides in pertinent part that the Secretary is authorized to summon a person liable for tax "to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to make such inquiry," to examine such books, papers, records or other data produced by the summoned person and to take the testimony of such person as relevant or material to the inquiry. 26 U.S.C. § 7602(a)(1)-(3).

**6.** Although the instant action seeks to reduce to judgment federal income tax assessments

made by the IRS against Defendants for the years ending December 31, 1984, 1985, 1986, 1987 and 1988, the original summonses indicated that the IRS was also investigating Defendants' income tax liability for the year ended December 31, 1983. Whether the IRS ever made a federal income tax assessment against Defendants for 1983 is not provided in the record.

**7.** Copies of the summonses are attached to the Summary Enforcement Petition.

**8.** The record does not indicate for how long Defendants remained in the U.S. Marshal's custody.

years 1984 through 1988, prepared by the IRS on March 2, 1992 and refiled on May 31, 2001, taxes, including interest and penalties, were assessed against Maurice John ($ 4,562,887.65) and Karen John ($ 4,563,180.68).[9] That Defendants were not found liable in connection with the summary enforcement action, *i.e.*, Misc. CIV 89–196A, for any federal income taxes for the years 1984 through 1988 is thus irrelevant to the IRS's subsequent assessment of tax liability against Defendants for the years in question, which is the subject of the instant proceeding. Further, as Judge Arcara explained in his November 13, 1990 Order, Defendants' Native American heritage does not shield them from federal income tax liability. Judge Arcara Nov. 13, 1990 Order, Misc. CIV 89–196A at 3–4.

As Judge Arcara has found the Johns are not exempt from federal income tax laws based on their Native American heritage, and as the fact that Defendants were not found liable for any federal income taxes in connection with the summary enforcement action is irrelevant to the IRS's subsequent assessment of income tax liability against Defendants for the years 1984, 1985, 1986, 1987 and 1988, there is, accordingly, no merit to the civil rights due process argument Defendants assert in opposition to summary judgment. Plaintiff's motion for summary judgment should, therefore, be GRANTED and the federal income tax assessments made against Defendants should be reduced to judgments.

### *CONCLUSION*

Based on the foregoing, Plaintiff's motion for summary judgment (Doc. No. 6) should be GRANTED; the federal income tax assessments made against Defendants for the years ending December 31, 1984,

1985, 1986, 1987 and 1988 should be reduced to judgment against Defendants, and the Clerk of the Court should be directed to close the file.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

---

9. Copies of the Notices of Federal Tax Liens are attached to Karen John's Declaration and

Maurice John's Declaration.