NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2016[*]
Decided September 22, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1447

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:14-cv-01696 |
| MARVIN D. MILLER, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge*. |

**O R D E R**

Marvin Miller, a serial tax protester, appeals the grant of summary judgment for the government in its action to collect unpaid taxes, *see* 26 U.S.C. §§ 7401–03. We affirm.

Miller filed invalid tax returns for the years 1991 to 1995 and 2002 to 2010. Though he filed a Form 1040 in most of those years, Miller answered all form questions

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

about his income, deductions, and taxes owed with "00" or an asterisk, which he used to represent his general objection to the questions under eight separate constitutional amendments. The IRS determined that he owed taxes for all those years and assessed his liability for the unpaid amount, including related interest and penalties, to be $500,867.76.

The government sued Miller to collect the unpaid amount and moved for summary judgment a month before the close of discovery. In support the government submitted several of Miller's Forms 1040 from those years and a "Certification of Lack of Record" of a tax return for each of the remaining years. It offered proof of Miller's liability for those years, including interest and penalties, by submitting for each year a Form 4340 "Certificate of Assessments, Payments, and other Specified Matters," a Form 2866 "Certificate of Official Record," and a signed affidavit from a revenue officer advisor summarizing the assessments, interest, and penalties Miller owed.

The next day the district judge entered an order reminding the government of its obligation under the local rules to serve Miller with a special notice for pro se litigants outlining their obligations in responding to a summary-judgment motion. The district judge also warned Miller that failure to respond to the motion within 28 days of service of the special notice could lead to entry of summary judgment against him.

Despite the warning Miller let the deadline pass without a response, though in the meantime he did request further discovery from the government, *see* FED. R. CIV. P. 56(d). Miller sought the "audit trail" behind the assessment forms—the documents the IRS had relied on in creating the Forms 4340 certificates of assessment, which, Miller contended, he had a right to access under 26 U.S.C. § 6203 (giving taxpayer the right to request copy of "record of assessment") and 26 C.F.R. § 301.6203–1 (specifying that record of assessment must set forth "the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed").

The district court denied Miller's motion, ruling that he was not entitled to those documents and that they were not relevant or necessary for him to oppose summary judgment. The judge concluded that the Forms 4340 already provided by the IRS satisfied its statutory obligation to provide records of assessment and included all of the information specified by the regulation. As the judge explained, courts "will not look behind an assessment to evaluate the procedure and evidence used in making the assessment," and thus any documents underlying the assessment forms were irrelevant. *See Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987). Because by this time the

deadline for Miller to respond to summary judgment had passed, the court granted him a three-week extension.

The new deadline came and went without any response from Miller, and the court granted summary judgment to the government. The court found that Miller's tax returns were incomplete and concluded that the IRS's Form 4340 tax assessments were prima facie evidence of Miller's liability that he had failed to rebut.

Miller moved the court to reconsider the judgment, *see* FED. R. CIV. P. 59(e), arguing that he did not receive the order extending the deadline for him to oppose summary judgment. The court denied his motion, concluding that court records showed that the order had been properly mailed to Miller's address, which had not changed. Moreover, the court reasoned, the docket was publicly accessible and Miller had a responsibility to monitor his case when he knew that several important rulings had been pending for months.

On appeal Miller first argues that the district court erred in denying his Rule 56(d) motion because it prevented him from accessing two IRS forms (RACS 006 and 025) which, he contends, he had a right to review under 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203–1. But neither the statute nor the regulation mandates the form in which the relevant information must be provided. As the district court correctly concluded, IRS Form 4340 supplies all of the information that Miller is entitled to under the statute and regulation. *See Hefti v. IRS*, 8 F.3d 1169, 1172 (7th Cir. 1993); *Ford v. Pryor,* 552 F.3d 1174, 1178 (10th Cir. 2008); *Roberts v. Comm'r*, 329 F.3d 1224, 1228 (11th Cir. 2003). Moreover, as the district court also correctly ruled, Miller did not need those forms to oppose summary judgment because courts do not look behind the assessment to evaluate the underlying evidence unless the taxpayer submits evidence to show the assessment is "without rational foundation," which Miller did not provide. *See Ruth*, 823 F.2d at 1094; *Gentry v. United States*, 962 F.2d 555, 558 (6th Cir. 1992).

Miller next raises two challenges to the district court's reliance on the Forms 4340 as sufficient proof of his liability. First, recognizing that Form 4340 is prima facie evidence of his liability, he contends that he can overcome that showing through his request for the "audit trail" documents underlying that form. But IRS assessments, including those made on Form 4340, have long supplied presumptive proof of a valid assessment. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242–43 (2002); *Cole v. Comm'r*, 637 F.3d 767, 773 (7th Cir. 2011); *Hefti*, 8 F.3d at 1172; *Cropper v. Comm'r*, 826 F.3d 1280, 1287 (10th Cir. 2016); *Roberts*, 329 F.3d at 1228. Miller provided no evidence to rebut this presumption or otherwise show that the assessment is "without rational

foundation." *See Ruth*, 823 F.3d at 1094; *Gentry*, 962 F.2d at 558. And a request for discovery is not evidence.

Miller also argues that the forms are not admissible evidence because, as he contends, they were created for litigation and are not business records. But the forms are business records and as such valid evidence. *See Hefti*, 8 F.3d at 1172–73; *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002); *Hughes v. United States*, 953 F.2d 531, 539–40 (9th Cir. 1992).

Lastly, Miller challenges the denial of his postjudgment motion in which he argued that he never received notice of the extended deadline to oppose summary judgment. Without that notice, he says, he was deprived of an opportunity to file an appropriate response. But because the docket reflects that the order was mailed in the clerk's normal course of procedure to Miller's address, where he had received all other court documents, the court did not clearly err in determining that notice of the extended deadline had been properly mailed to Miller. *See Godfrey v. United States*, 997 F.3d 335, 338 (7th Cir. 1993) (proof of procedures followed in the regular course of operations raises presumption that document was properly addressed and mailed); *In re Longardner & Associates, Inc.*, 855 F.2d 455, 459 (7th Cir. 1988) (court did not clearly err in finding that notice of hearing was mailed when it was addressed properly and not returned to clerk's office). And absent evidence to the contrary, an individual is presumed to have received mail properly sent. *See Joshi v. Ashcroft*, 389 F.3d 732, 735 (7th Cir. 2004); *Bosiger v. U.S. Airways*, 510 F.3d 442, 452 (4th Cir. 2007) (same). Moreover, given that Miller knew about the passage of several months since the first deadline for his summary-judgment response and his Rule 56(d) motion, the district court did not abuse its discretion in concluding that Miller had received notice—or should have been on notice—of the order granting the extension. *See In re Longardner & Associates, Inc.*, 855 F.2d at 459 (notice of hearing properly mailed is "reasonably calculated to reach interested parties" and satisfies due process, whether actually received or not); *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 408 (4th Cir. 2010) (court did not abuse discretion in declining to vacate judgment when party did not receive notice of summary judgment because of computer issues; despite knowing of computer problems and approaching deadline, counsel made "conscious choice not to take any action with respect to his computer troubles," such as monitoring the court's docket).

AFFIRMED.